STATE of Iowa, Appellee,

v.

Craig Lee HENDERSON, Appellant.

No. 65937.

Supreme Court of Iowa.

Dec. 23, 1981.

Douglas F. Staskal, State Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and John P. Messina, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

Defendant was convicted of robbery in the first degree in violation of sections 711.1 and 711.2, The Code 1979. He brought this appeal to challenge the trial court's refusal to suppress evidence. The State asks us to adopt a rule which would require a showing of standing in order to proceed with suppression hearings on claimed violations of Fourth Amendment rights. We decline the

State's invitation but affirm defendant's conviction.

A gasoline station in Ankeny was robbed at about 1:00 a.m. June 13, 1980. After the robbers left the station on foot, headed south, the station attendant called police and then stepped outside. He saw a gold Chevrolet pickup truck leaving a parking lot south of the station without its lights on. It appeared to be traveling fairly fast. It was headed south.

The attendant called police again and alerted them to these facts. This information was relayed over the general police radio. Two Des Moines policemen overheard this broadcast which reported that the suspects were two white males in a gold pickup. The policemen proceeded to the intersection of Second Avenue and Aurora Street, thinking the suspects might pass this intersection to enter Des Moines. Presently a gold pickup truck carrying two white males arrived. The officers stopped it, ordered the two to get out, and asked for identification.

They then requested further descriptions from the dispatcher. They were told that one suspect was approximately six feet tall, that the other was substantially shorter, and that both were possibly wearing plaid shirts. Noting the suspects substantially matched the description the officer detained them for further identification. When a third officer arrived the two were arrested at which time the pickup truck was searched.

The search revealed a gun, money, and nylon hose which were the subject of a pretrial motion to suppress.

I. The State proposes that we adopt a rule which "would require that a defendant affirmatively establish, as a part of a motion to suppress, his or her right to challenge the search in question. A defendant who failed to assume the burden to affirmatively show standing would be presumed to lack it."

■ We are not inclined to disturb the established rule on standing to assert Fourth Amendment violations. One "who attempts to have . . . [illegally seized] evidence excluded must first establish standing to object to the unlawful search." *State v. Osborn*, 200 N.W.2d 798, 803 (Iowa 1972). This showing exists within, and is integrated into, the substantive showing of a Fourth Amendment violation. *Rakas v. Illinois*, 439 U.S. 128, 138–40, 99 S.Ct. 421, 427–28, 58 L.Ed.2d 387, 398–99 (1978). We are not inclined to require defendant to make an independent showing of standing. We prefer the existing rule: standing to assert a Fourth Amendment violation will stand or fall on a defendant's ability to show a substantive violation which in turn is based on a showing of a legitimate expectation of privacy in the particular area searched or the particular objects seized. 439 U.S. at 148, 99 S.Ct. at 432, 58 L.Ed.2d at 404.

■ II. Defendant contends the stop of the vehicle was made without reasonable cause and, accordingly, evidence seized as a result of the stop should have been suppressed. The State contends, and we agree, that the information relied upon by the officers when they made the stop was reasonably deduced and sufficient to give them reasonable cause. Reasonable cause is established by showing the officer has specific and articulable cause to support a reasonable belief that criminal activity may have occurred. *State v. Aschembrenner*, 289 N.W.2d 618, 619 (Iowa 1980). Under the circumstances here reasonable cause was shown.

AFFIRMED.