Argued and submitted June 21, reversed and
remanded for a new trial September 15, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# STEVE LOREN SCOTT,
aka Steve Loren Macon,
*Appellant.*

(C81-04-32010, CA A21884)

650 P2d 985

Ernest E. Estes, Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was Gary D.
Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his convictions on two counts of robbery in the first degree. He assigns as error the denial of his motion to suppress evidence seized following the unlawful stop of a van in which he was a passenger, and the court's failure to merge the two robbery counts for both sentencing and conviction purposes. Because we agree with defendant's first contention, we reverse and need not consider the second.[1]

The robbery consisted of taking, at gunpoint, drugs and money from a pharmacy. The police dispatch concerning the incident gave a description of the two suspects and reported that drugs and money had been stolen, but it did not describe any motor vehicle. The officer who eventually arrested defendant had received information a few days earlier from someone in the department that defendant and another person were living at a certain address and might be selling drugs obtained from pharmacy holdups. He was told that they were using a tan Cadillac or possibly a tan Chevrolet panel truck. Because he suspected that the people at the address he was given may have been involved in the reported robbery, the officer went to that address and watched the residence. A tan Chevrolet van was parked across the street from the house, but the officer did not associate it with the panel truck about which he had been informed. Although the officer did not observe who entered the van, when it was driven away, the officer followed and stopped it after it had travelled four or five blocks.

Defendant was the sole passenger in the van; its owner was driving. The trial court found that it was not until after the stop and after observing the occupants that the officer connected those two persons with the information he had received earlier from a fellow officer. Prior thereto, the officer did not know how many people were in the van, their sex or who was driving. Given those facts, the trial court did not accept the officer's stated reason for stopping the car — that he thought the driver was the same person whose license had been suspended as a result of a

---

[1] Because the case must be retried, the merger issues may not arise again. In any event, we assume that the Supreme Court's decision in *State v. Linthwaite,* 52 Or App 511, 628 P2d 1250, *rev allowed* 291 Or 893 (1981), will resolve the merger issues.

speeding citation the officer had issued a few months earlier.

After ordering defendant out of the van, the officer searched defendant's person and seized some items. He then searched the van and found drugs and firearms, which were left in the vehicle until a search warrant was obtained. That evidence was seized during a subsequent search of the van pursuant to the warrant.

Defendant moved to suppress all of the evidence seized following the stop, including the identification of defendant. The trial court found that the stop was unlawful, because the officer did not have a reasonable suspicion that the occupants had committed a crime. ORS 131.615.[2] That conclusion is supported by the court's findings of fact, which are supported by the evidence. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The state does not challenge that conclusion. The court suppressed the evidence seized from defendant's person and on-the-scene identification of defendant by the robbery victims, because of the illegal stop. It did not, however, suppress the items seized from the van or the in-court identification of defendant. The sole issue under defendant's first assignment of error is whether the denial of his motion to suppress evidence seized from the van was proper.

■ Although the stop was unlawful, the trial court denied defendant's motion to suppress the items seized from the van, because defendant lacked "standing" to challenge the lawfulness of the search under the Fourth Amendment. The term "standing" is often used, albeit inaccurately, to refer to the doctrine enunciated in *Rakas v. Illinois,* 439 US 128, 99 S Ct 421, 58 L Ed 2d 387 (1978), where the Supreme Court held that passengers in a car did not establish that their Fourth Amendment rights were violated by a search of the car which followed a lawful stop,[3] because they did not assert any proprietary or possessory interest in the car or its contents. The court in

---

[2] ORS 131.615(1) provides:

"(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry."

[3] Defendants in *Rakas* did not challenge the stop. As we read the opinion, it proceeds on the assumption that the stop was lawful.

*Rakas* rejected the "standing" language contained in *Jones v. United States,* 362 US 257, 80 S Ct 725, 4 L Ed 2d 697 (1960), and held that the correct inquiry is substantive: whether the search violated defendant's Fourth Amendment rights. The court held that because defendants did not have a legitimate expectation of privacy as to the car or its contents, the search could not have violated their Fourth Amendment rights. In short, where the issue arises under the Fourth Amendment, the question is whether the official action violated defendant's constitutional rights, not whether defendant has "standing" to litigate the issue.

■ ■     However, we need not reach the Fourth Amendment issue here because, regardless of the scope of defendant's federal constitutional rights,[4] the stop of the van was unlawful under ORS 131.615, and the physical evidence found in a search as a direct result of that stop, and subsequently seized, should have been excluded at trial. In *State v. Valdez,* 277 Or 621, 561 P2d 1006 (1977), defendant was a passenger in a car that was stopped in violation of ORS 131.615. The court held that the evidence seized from the car could not be used against Valdez at trial. The major issue was whether the stop was lawful under the statute, but, after concluding that it was not, the court went on to hold that the evidence had to be excluded to effectuate the purposes of ORS 131.615, regardless of whether the defendant's constitutional rights were violated.

Here, the stop occurred in violation of ORS 131.615. For all practical purposes, the facts are identical to those in *Valdez.* Defendant was a passenger in a car that was illegally stopped, and he seeks to exclude evidence seized from the car as a result of that stop. Whether or not the search of the car violated defendant's Fourth Amendment rights, the evidence seized as a result of the search was obtained as a direct result of defendant's being stopped in violation of ORS 131.615.

The trial court erred in denying defendant's motion to suppress evidence seized from the van.

Reversed and remanded for a new trial.

---

[4] Whether or not defendant had a recognizable expectation of privacy in the passenger compartment of the van, he had a recognizable expectation of not being stopped by the police in the absence of their having a reasonable suspicion that he had committed a crime.