**STATE of Iowa, Appellant,**

v.

**Jim EIS and Raymond Dells, Appellees.**

No. 83–942.

Supreme Court of Iowa.

May 16, 1984.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and Stephen J. Petersen, County Atty., for appellant.

Charles L. Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for appellees.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

In this case of first impression, we uphold the right of a motor vehicle passenger to challenge the constitutionality of a stop of the vehicle in which he was riding. Because we also find the stop was unconstitutional, we affirm a trial court ruling sustaining defendant's motion to suppress evidence obtained as a result of the stop.

Defendant Raymond Dells was a passenger in a pickup truck owned and driven by Jim Eis which was stopped by a deputy sheriff near Muscatine at 5:00 a.m. on April 29, 1983. After the vehicle was stopped the officer observed copper wire sticking out from underneath a tarpaulin in the bed of the truck. Defendants were subsequently arrested for theft of the wire. They were jointly charged with third-degree theft in violation of Iowa Code sections 714.1(1), 714.1(2) and 714.2(3) (1983).

A timely motion to suppress the evidentiary use of the copper wire was filed by both defendants. The State denied Dells had standing to challenge the vehicle stop. After hearing, the trial court sustained the motion. The State applied for and we granted discretionary review of the ruling.

The suppression motion was based on the fourth and fourteenth amendments of the United States Constitution. We therefore rest our holding on authorities applying the federal constitutional protection against unlawful search and seizure.

The United States Supreme Court has held that standing in fourth amendment cases is determined by inquiring whether the challenged search or seizure violated an interest of the defendant that the fourth amendment was designed to protect. *See Rakas v. Illinois*, 439 U.S. 128, 139–40, 99 S.Ct. 421, 428–29, 58 L.Ed.2d 387, 398–99 (1978). We have thus recognized that the necessary showing "exists within, and is integrated into, the substantive showing of a Fourth Amendment violation." *State v. Henderson*, 313 N.W.2d 564, 565 (Iowa 1981).

■ Two determinations must be made before a fourth amendment violation is found. One is that the defendant had "a legitimate expectation of privacy in the particular area searched or the particular objects seized." *Id.* The second is that the government unreasonably intruded into the protected interest. *See, e.g., Harris v. United States*, 331 U.S. 145, 150, 67 S.Ct. 1098, 1101, 91 L.Ed. 1399, 1405 (1947). The standing issue inheres in the first determination. We must therefore decide whether Dells had a legitimate expectation of privacy that was invaded when the deputy sheriff stopped the truck in which he was riding.

The Supreme Court decision in *Rakas* does not answer the question because that case involved a challenge to the searching rather than the stopping of a vehicle. The legality of the stop was not an issue. *See* 439 U.S. at 150–51, 99 S.Ct. at 434, 58 L.Ed.2d at 406 (Powell, J., concurring). General principles governing the rights of vehicle occupants to challenge stops were discussed in the Court's later decision in *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). This court reviewed and applied the *Prouse* principles in *State v. Hilleshiem*, 291 N.W.2d 314, 316–19 (Iowa 1980).

As we noted in *Hilleshiem,* one of the principles recognized in *Prouse* is that the stopping of a vehicle is a seizure of its occupants within the meaning of the fourth amendment. *See* 291 N.W.2d at 316. The vehicle occupants have a protected privacy interest in freedom of movement that is invaded when the vehicle is stopped. *Id.* The Supreme Court made no distinction in *Prouse* between the rights of passengers and those of drivers. The accused in that case may have been a passenger. *See* 440 U.S. at 650 n. 1, 99 S.Ct. at 1394, n. 1, 59 L.Ed.2d at 665. The accused persons in *Hilleshiem* included both drivers and passengers. *See* 291 N.W.2d at 315.

■ No principled basis exists for distinguishing between the privacy rights of passengers and drivers in a moving vehicle. When the vehicle is stopped they are equally seized; their freedom of movement is equally affected. We therefore hold that occupants of motor vehicles, whether drivers or passengers, ordinarily have a legitimate expectation of privacy which is invaded when the vehicle is stopped by the government. This holding presupposes the occupant's rightful presence in the vehicle. Otherwise the privacy expectation is not legitimate. *See Rakas*, 439 U.S. at 143 n. 12, 99 S.Ct. at 430, n. 12, 58 L.Ed.2d at 401.

The majority of courts which have considered the issue have upheld the standing of a passenger to challenge a vehicle stop. *See People v. Bradi*, 107 Ill.App.3d 594, 63 Ill.Dec. 363, 437 N.E.2d 1285 (1982); *People v. Green*, 121 Misc.2d 522, 468 N.Y.S.2d 309 (1983); *State v. Scott*, 59 Or.App. 220, 650 P.2d 985 (1982); *State v. DeMasi*, R.I., 419 A.2d 285 (1980), *vacated on other grounds*, 452 U.S. 934, 101 S.Ct. 3072, 69 L.Ed.2d 948 (1981); *Parkhurst v. State*, 628 P.2d 1369 (Wyo.), *cert. denied*, 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981). *See also* 3 W. LeFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11(e), at 232–34 (Supp.1984); 1 W. Ringel, *Searches & Seizures, Arrests and Confessions* § 11.7 (1983). The State acknowledges that courts which have held to the contrary have done so without helpful analysis. *See, e.g., United States v. Cardona*, 524 F.Supp. 45 (W.D.Tex.1981);

*Kayes v. State,* 409 So.2d 1075 (Fla.App. 1981); *State v. Ribera,* 183 Mont. 1, 597 P.2d 1164 (1979).

We find that defendant Dells had a legitimate expectation of privacy that was invaded by the stop in this case. Like the trial court, we therefore reject the State's contention that he lacked standing to challenge the stop.

The State now seeks reversal on the alternative basis that the officer had reasonable cause to stop the vehicle. Although we have reservations concerning whether this issue was properly presented in the application for discretionary review, we pass that question. We thus make the second determination that is necessary in deciding whether a fourth amendment violation has occurred. We address the reasonableness of the governmental intrusion.

Applicable principles are delineated in *State v. Lamp,* 322 N.W.2d 48, 51 (Iowa 1982), and will not be repeated here. The determinative issue in this case is whether the deputy sheriff had reasonable cause to stop the vehicle for investigatory purposes. Reasonable cause means specific and articulable cause to support a reasonable belief that criminal activity may have occurred. *Id.* The constitutionality of the stop is judged by balancing the degree of the intrusion against its promotion of legitimate governmental interests. *Hilleshiem,* 291 N.W.2d at 317. The Supreme Court has said:

> An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.

> .    .    .    .    .

> Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.

*United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 65 L.Ed.2d 621, 628–29 (1981). In motor vehicle stop cases, this standard would of course be satisfied if an officer had the requisite cause to stop any occupant of the vehicle. This is because it would be necessary to stop the vehicle to make the justified stop of the particular person.

In this case the deputy had seen the pickup truck parked in what he described as a "nonhazardous position" on the shoulder of a county road near the Durant cemetary at approximately 1:00 a.m. on the date involved. The vehicle was unoccupied, the hood and passenger door were partly open, and minor junk and a motorcycle were in the truck bed. The officer notified his department that the vehicle was possibly disabled and placed a sticker on the windshield signifying that he had checked it. He then resumed patrol. At approximately 5:00 a.m. he observed the vehicle traveling on highway 38 near Muscatine. It was then that he stopped it and first observed the copper wire in the truck bed which later investigation disclosed had been stolen. The officer explained his stop as having been made "to see who ... was in that vehicle or what kind of problems they had previously ... with it since I had just seen it, I would say, about four hours earlier."

The officer obviously did not have reasonable cause to believe criminal activity may have occurred at the time he stopped the pickup. The trial court was therefore correct in sustaining defendant Dell's motion to suppress.

AFFIRMED.