Argued and submitted January 23, affirmed May 23, reconsideration denied July 13, petition for review denied August 8, 1984 (297 Or 547)

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN LOREN SCOTT,
*Appellant.*

(C81-04-32010; CA A28181)

681 P2d 1188

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals from two convictions for robbery in the first degree. He assigns as error the trial court's failure to grant his motion to suppress eyewitness identification evidence. We affirm.

During the evening of April 6, 1981, defendant and another man robbed a southeast Portland drug store of drugs and money. The owner of the pharmacy and a clerk were working at the time. They contacted the police and furnished descriptions of both robbers. On the basis of those descriptions sent out by the police dispatcher, an officer went to an address where he had been told that two persons who might be selling drugs from pharmacy holdups lived. A Chevrolet van was parked across the street. He stopped the van when it started away, even though he did not see who had entered it. During the stop the officer saw a pharmaceutical-type bottle and a gun in the van. Those items and other evidence taken from the van were excluded from evidence at defendant's trial, because we had determined that the stop was unlawful under ORS 131.615 on defendant's appeal after his first trial. *State v. Scott,* 59 Or App 220, 650 P2d 985 (1982).

The officer detained the van and its two occupants, because he believed that he had apprehended either the drugstore robbery suspects or someone he had earlier ticketed for driving while suspended. The two robbery victims were brought to the scene of the stop. They were told repeatedly that they were under no pressure to make an identification. They were transported in separate cars. Each victim made an independent identification of the suspects, at which point the police arrested defendant.

At his second trial, the showup and in-court identifications of defendant by the robbery victims were admitted, as was a mug shot taken of him following his arrest. Defendant's appearance in the mug shot differed markedly from his appearance at trial.

Defendant argues that the mug shot, the showup identifications and the in-court identifications should have been suppressed, because they were the direct product of an illegal stop. He also argues that the showup identifications were unduly suggestive and that they tainted the in-court

identifications. We disagree. *State v. Ponce,* 54 Or App 581, 635 P2d 1042, *rev den* 292 Or 568 (1982), is factually indistinguishable from the present case and defeats defendant's arguments.[1] Although *Ponce* did not involve the admissibility of a post-arrest mug shot, we conclude that it was properly admitted in this case for the same reason that the showup identifications were admissible.[2]

Defendant raises two arguments that are not immediately disposed of by *Ponce.* He directs our attention to Article I, section 9, of the Oregon Constitution and urges us to suppress the challenged evidence under that provision. He suggests no reason to interpret Article I, section 9, any differently than the Fourth Amendment with respect to exclusion of the evidence challenged in this case. *See U.S. v. Crews,* 445 US 463, 100 S Ct 1244, 63 L Ed 2d 537 (1980). Defendant does not develop any arguments or provide any authority to inform us why we should interpret the state constitution to require exclusion in this context.

Defendant's final argument is that the showup identifications should have been suppressed, because they were suppressed in defendant's first trial and *res judicata* requires that they be suppressed in the present trial. The initial problem with this argument is that defendant identifies the wrong rule. Defendant's first and second trials are different parts of the same action. Thus, he must intend to refer to the law of the case rule, which involves the effect of a previous ruling within one action on a similar issue of law raised subsequently within the *same* action. The rules of *res judicata* apply to previous rulings in an action on a similar determination in a *subsequent* action. *Koch v. So. Pac. Transp. Co.,* 274

---

[1] Defendant contends that *Ponce* is distinguishable, because there was an intervening arrest based on probable cause between the illegal stop and the identifications. Although defendant was not arrested in the present case before the showup identifications were made, there was probable cause for an arrest: defendant's appearance matched the description of a robbery suspect. The fact that he was not expressly arrested before the identification is incidental. His detention with the existence of probable cause was the functional equivalent of an arrest. As in *Ponce,* "[t]he police did not obtain defendant's description from the 'primary illegality' [of the stop]—they already had it—and the victim[s] had a visual perception of defendant, which was not related to the stop." *State v. Ponce, supra,* 54 Or App at 586.

[2] We also conclude under the *Ponce* analysis that the illegal police conduct, the stop in this case, was not sufficiently flagrant to warrant suppression of any of the identification evidence.

Or 499, 512, 547 P2d 589 (1976); *Morley v. Morley,* 24 Or App 777, 780, 547 P2d 636 (1976); *see also* James and Hazard, *Civil Procedure* 536, § 11.5 (2d Ed 1977).

■■    The doctrine of *res judicata* is applicable to criminal cases. *State v. Dewey,* 206 Or 496, 504, 292 P2d 799 (1956). Given the similarity of the law of the case principle to *res judicata,* we conclude that law of the case is also applicable to criminal cases. *See, e.g., United States v. Kincaid,* 712 F2d 1 (lst Cir 1983); *United States v. Unger,* 700 F2d 445 (8th Cir), *cert den* ___ US ___ (1983). There is no reason why law of the case should be applied differently in criminal cases than it is in civil cases.

■    The trial judge in defendant's first trial excluded the showup identifications. At that time, there was no controlling law clearly governing the admissibility of showup identification evidence obtained subsequent to an illegal police stop. During the pendency of defendant's appeal from his first trial, *State v. Ponce, supra,* was decided. Although a change of law or a change of facts may not necessarily affect the applicability of *res judicata,* such a change can preclude the applicability of the law of the case. *Morley v. Morley, supra,* 24 Or App at 781; *see also* Vestal, *Law of the Case: Single Suit Preclusion,* 1967 Utah L Rev 1. *Ponce* is a clarification of the law governing the admissibility of pretrial identification evidence and provided a proper basis for a court to reconsider a former ruling and to admit the challenged evidence in this case.

Affirmed.