■ The People of the State of New York, Respondent, v Donald J. Paone, Appellant. — Judgment unanimously affirmed. Memorandum: The court properly denied defendant's motion to suppress a loaded shotgun, a .38 caliber revolver and a blackjack seized from a car defendant Paone was driving in which defendant Rossi was riding as a passenger. ¶ Defendant Rossi has no

standing to challenge the search and seizure because he had no legitimate expectation of privacy in the car or the items seized (see *Rakas v Illinois,* 439 US 128, 148-149; *People v David L.,* 56 NY2d 698, revg for reasons stated in the dissenting mem at 81 AD2d 893, 895-896; *People v Green,* 121 Misc 2d 522). ¶ With respect to defendant Paone, since the officers observed the car cross over a road and drive onto the sidewalk, they had the right to approach the stopped vehicle to investigate a possible traffic infraction (Vehicle and Traffic Law, § 1225; *People v De Bour,* 40 NY2d 210, 216, 223) and, as a protective measure, to order the driver out of the car (see *Pennsylvania v Mimms,* 434 US 106). When the officers saw the defendants make suspicious hand movements and observed the shotgun on the floor and the revolver protruding from under the front seat armrest, both in plain view illuminated by the interior dome light (see *People v Brosnan,* 32 NY2d 254; *People v Le Grand,* 96 AD2d 891, 892; *People v Mangan,* 55 AD2d 247, 250), they had probable cause to search the car and seize the contraband (see *Adams v Williams,* 407 US 143; *Terry v Ohio,* 392 US 1, 21-22; cf. *People v Harrison,* 57 NY2d 470). The officers also had the right to search the trunk and seize the blackjack discovered under the spare tire (see *United States v Ross,* 456 US 798, 820-821; *People v Langen,* 60 NY2d 170, cert den __ US __, 104 S Ct 1287). ¶ We note that the court may have improperly relied upon a prior radio call to the arresting officers (see *People v Havelka,* 45 NY2d 636; *People v Lypka,* 36 NY2d 210; but see *People v Petralia,* 62 NY2d 47). However, irrespective of the call, the officers as stated above had an articulable reason to stop defendants and search the car. (Appeal from judgment of Monroe County Court, Mark, J. — criminal possession of weapon, third degree.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.