# IN THE COURT OF APPEALS OF IOWA

No. 17-0540
Filed June 6, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HERNANDIS CORTEZ BURKS,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Odell McGhee II, District Associate Judge.


Hernandis Cortez Burks appeals from the judgment and sentence entered on his conviction for possession of a controlled substance. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Hernandis Cortez Burks appeals from the judgment and sentence entered on his conviction for possession of a controlled substance (marijuana), in violation of Iowa Code section 124.401(5) (2016). Burks maintains the district court should have granted his motion to suppress and failed to provide sufficient reasons for the sentence imposed. Because we find the motion to suppress was properly denied, and the court did not abuse its discretion in imposing the sentence, we affirm.

## I. Background Facts & Proceedings.

On May 26, 2016, Burks was riding as a passenger in a vehicle stopped by Des Moines Police Officers Brandon Holtan and Shawn Morgan. Upon speaking with the driver and Burks, the officers observed an open bottle of an alcoholic beverage on the front passenger floorboard. They asked the driver and Burks to step out of the vehicle. Officer Morgan stated that while reaching for the bottle, he smelled marijuana and saw a small burnt marijuana cigarette on the cup-holder ashtray. Officer Morgan then found a cigar package containing raw marijuana between the front driver seat and front passenger seat. Burks admitted the marijuana belonged to him. Burks was charged by trial information with possession of a controlled substance.

Burks filed a motion to suppress, arguing the evidence was obtained through an unlawful search of the vehicle. At the suppression hearing, the State argued Burks did not have standing to challenge the search of the vehicle because, as a passenger, he had no legitimate expectation of privacy. The State also asserted exceptions applied permitting the lawful search of the vehicle. The district court determined, "Looking at the totality of the circumstance[s], the court finds that

law enforcement legally stopped the vehicle and legally searched the inside of the vehicle for contraband since they saw an open container in plain view. The exigen[cy] was sufficient for a seizure of the vehicle, . . . ." The court dismissed the motion to suppress as it related to evidence found in the search of the vehicle.

Burks waived his right to a jury trial, and after a trial on the minutes of evidence, the district court found Burks guilty of possession of a controlled substance. Burks was sentenced to a term of imprisonment for one hundred and eighty days, which was suspended, and Burks was placed on probation for one year.[1] Burks now appeals.

**II. Standard of Review.**

We review a claim the trial court improperly denied a motion to suppress on constitutional grounds de novo. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). "This review requires 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *Id.* (quoting *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001)). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of witnesses, but we are not bound by those findings." *State v. Tyler*, 867 N.W.2d 136, 153 (Iowa 2015) (citations omitted).

We review the challenge to the district court's sentencing determination for an abuse of discretion. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015).

---

[1] Burks waived reporting of the sentencing hearing.

**III. Analysis.**

**(1) Motion to Suppress.**

Burks first asserts the district court erred in denying the motion to suppress evidence obtained from the search of the vehicle.[2] Burks asks this court to overrule *State v. Haliburton*, 539 N.W.2d 339, 342 (Iowa 1995), which holds a passenger does not have a legitimate expectation of privacy in the vehicle, and to find Burks has standing to challenge the constitutionality of the search pursuant to article I, section 8 of the Iowa Constitution. Burks also contends no exception to the warrant requirement applies under the circumstances of this case.

The State argues even if article I, section 8 of the Iowa Constitution was independently analyzed to determine a passenger of a vehicle has a legitimate expectation of privacy, Burks' challenge of the search of the vehicle would still fail because the open container in plain view gave officers probable cause to search the vehicle, or alternatively, the automobile exception applies.

The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect the right to be free from unreasonable searches and seizures.

> In deciding the constitutionality of a search . . . , we take a two-step approach. First, the defendant must show that he had a legitimate expectation of privacy in the area searched. Second, if the defendant had a legitimate expectation of privacy, we must then decide whether the State unreasonably invaded the protected interest.

---

[2] We note the district court incorrectly determined Burks had standing to challenge the search based on its application of *State v. Eis*, 348 N.W.2d 224 (Iowa 1984). However, *Eis* involved a passenger's challenge of the *stop* of a vehicle, not the *search*. *Id.* at 226. Burks did not challenge the stop of the vehicle in this case, and *Eis* does not apply.

*Haliburton*, 539 N.W.2d at 342 (internal citations omitted). "A warrantless search is unreasonable unless it comes within a recognized exception such as consent, exigent circumstances, or plain view." *State v. Brooks*, 760 N.W.2d 197, 204 (Iowa 2009).

"A challenge to a search based on the Fourth Amendment 'will stand or fall on a defendant's ability to show a substantive violation which in turn is based on a showing of a legitimate expectation of privacy in the particular area searched or the particular objects seized.'" *State v. Abrams*, No. 14-0260, 2015 WL 3884173, at *2 (Iowa Ct. App. June 24, 2015) (quoting *State v. Henderson*, 313 N.W.2d 564, 565 (Iowa 1981)). "The party challenging a search must establish that his or her *own* Fourth Amendment rights have been violated, not the rights of someone else . . . ." *State v. Ortiz*, 618 N.W.2d 556, 559 (Iowa 2000).

It is well-established in Iowa that a passenger of a vehicle does not have a legitimate expectation of privacy allowing the passenger to challenge a search of the vehicle. *See Halliburton*, 539 N.W.2d at 342. In *Halliburton*, our supreme court held Halliburton did not have a legitimate expectation of privacy because he was

> merely a passenger in his mother's vehicle. He was not the driver of the vehicle when it was parked on the interstate and he did not drive it to the restaurant. Although Halliburton possessed the keys to the car at the time of the final search, there is no evidence that he was in control of the vehicle, or otherwise possessed it at that time. To the contrary, he never asserted a right to control access to the vehicle during any of the searches. Additionally, his mother, the owner of the vehicle, was always present except for a brief trip to the restroom.

*Id.* at 342-43. This concept has been upheld by our court in many subsequent cases. *See Abrams*, 2015 WL 3884174, at *3 ("We conclude Abrams did not have a legitimate expectation of privacy in the vehicle searched by the officers. Abrams

was not the driver of the vehicle. He was not the owner of the vehicle. The evidence shows he was merely a recent passenger. Because Abrams did not have a legitimate expectation of privacy in the vehicle, he cannot show his Fourth Amendment rights were violated."); *State v. Arellano*, No. 14-0051, 2015 WL 1054978, at *2 (Iowa Ct. App. Mar. 11, 2015) ("A passenger with neither a possessory nor a property interest in a vehicle does not have a legitimate expectation of privacy in the vehicle."); *State v. Cagley*, No. 13-0500, 2014 WL 2884777, at *2 (Iowa Ct. App. June 25, 2014) ("Cagley bears the burden to prove his Fourth Amendment rights were violated by the challenged search. He cannot do so here because he did not own the car listed in the warrant nor did he drive it to the bank. As a recent passenger in his mother's car, Cagley could not successfully challenge the vehicle search." (citations omitted)).

Under our current precedent, Burks—a passenger who was not driving and not in control of the vehicle—did not have a legitimate expectation of privacy to challenge the search of the vehicle.[3] "We are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). We therefore affirm the denial of the motion to suppress.

**(2) Sentencing.**

Burks also challenges the district court's sentencing order. Burks contends the district court did not provide sufficient reasons for the imposition of the sentence as require by Iowa Rule of Criminal Procedure 2.23(3)(d).

---

[3] Because we determine Burks did not have a legitimate expectation of privacy as a passenger of the vehicle and does not have standing to challenge the search of the vehicle, we need not address the reasonableness of the search or the applicability of the exceptions to the warrant requirement.

"When 'the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown.'" *Thacker*, 862 N.W.2d at 405 (citation omitted). "In exercising discretion, the district court must 'weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.'" *Id.* (citation omitted). "Errors in sentencing, including contentions the trial court failed to articulate adequate reasons for a particular sentence, 'may be challenged on direct appeal even in the absence of an objection in the district court.'" *Id.* (citation omitted).

Burks asserts the district court did not provide sufficient reasons for the sentence imposed because it merely checked boxes on the sentencing order stating the court found "the following factors the most significant in determining this particular sentence": "[t]he nature and circumstances of the crime," "[p]rotection of the public from further offenses," "[d]efendant's criminal history," "[d]efendant's substance abuse history," "[d]efendant's propensity for further criminal acts," "[s]tatutory sentence requirements," "[m]aximum opportunity for rehabilitation," and "[t]he plea agreement."[4]

"[R]ule 2.23(3)(d) requires the judge to include in his or her sentencing order the reason for the sentence when the defendant waives the reporting of the sentencing hearing." *State v. Thompson*, 856 N.W.2d 915, 920-21 (Iowa 2014). However, "[i]n this age of word processing, judges can use forms, . . . to check the

---

[4] We acknowledge the record fails to identify a plea agreement or its terms.

boxes indicating the reasons why a judge is imposing a certain sentence." *Id.* at 921. Thus, the court's use of a sentencing order form in this case was not prohibited. *See State v. Ferrell*, No. 15-1153, 2016 WL 541411, at *2 (Iowa Ct. App. Feb 10, 2016). In checking the particular boxes on the sentencing order, the district court provided sufficient reasons for imposition of the sentence over and above the boilerplate language. *See Thacker*, 862 N.W.2d at 408 ("While the rule requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" (citation omitted)). Because we find the sentence was within the statutory maximum and there was no abuse of discretion, we affirm the sentence imposed by the district court.

**IV. Conclusion.**

We find the district court did not err in denying the motion to suppress, and its sentencing order did not constitute an abuse of discretion. We therefore affirm.

**AFFIRMED.**

Mullins, J., concurs; McDonald, J., concurs specially.

**MCDONALD, Judge** (concurring specially)

I concur in the judgment. I write separately to note the limits of *State v. Halliburton*, 539 N.W.2d 339 (Iowa 1995). In that case, the supreme court held the defendant's status as a "mere[ ] passenger" in a searched automobile was insufficient to generate a reasonable expectation of privacy and standing to challenge the search of the automobile. *Id.* at 342–43. In reaching that conclusion, the supreme court relied on *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). However, *Rakas* did not hold a passenger could never have an expectation of privacy in an automobile, instead it held mere passenger status, without more, was insufficient to create an expectation of privacy and standing to challenge a search of the automobile. The Supreme Court recently highlighted the distinction:

> The Court in *Rakas* did not hold that passengers cannot have an expectation of privacy in automobiles. To the contrary, the Court disclaimed any intent to hold "that a passenger lawfully in an automobile may not invoke the exclusionary rule and challenge a search of that vehicle unless he happens to own or have a possessory interest in it." 439 U.S., at 150, n. 17, 99 S.Ct. 421 (internal quotation marks omitted). The Court instead rejected the argument that legitimate presence alone was sufficient to assert a Fourth Amendment interest, which was fatal to the petitioners' case there because they had "claimed only that they were 'legitimately on [the] premises' and did not claim that they had any legitimate expectation of privacy in the areas of the car which were searched."
> *Ibid.*

*Byrd v. United States*, ___ U.S. ___, ___, 2018 WL 2186175, at *8 (2018).

Here, the defendant has not asserted a particularized expectation of privacy in the areas searched beyond that of a mere passenger in the automobile. This case is thus squarely controlled by *Halliburton*, and I concur in the judgment.