# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1674

———————————————

Levi Wilson, Individually; M W, by and through his next friend Levi Wilson

*Plaintiffs - Appellants*

v.

Scott Lamp, in his individual and official capacity; Iowa, State of; Jessica Dorhout-VanEngen, in her individual and official capacity; John Doe, in his individual and official capacity

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Northern District of Iowa - Western

————————

Submitted: March 18, 2021
Filed: April 26, 2021

————————

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

————————

BENTON, Circuit Judge.

Levi Wilson and his son M.W. sued three police officers under 42 U.S.C. § 1983 alleging violations of the Fourth Amendment, violation of the Iowa Constitution, and common law invasion of privacy. The district court denied

summary judgment, but this court reversed in part and remanded for trial. ***Wilson v. Lamp ("Wilson I")***, 901 F.3d 981, 991 (8th Cir. 2018).

On remand, the district court held a trial on the state law claims, as well as the federal excessive force claim. On the state claims—invasion of privacy and Iowa illegal search or seizure—the district court[1] granted judgment as a matter of law. The jury found for defendants on the excessive force claims. Plaintiffs appeal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

At the close of trial, the district court granted defendants' Rule 50(a) motion for judgment as a matter of law on the invasion of privacy and Iowa search and seizure claims.

> Rule 50(a) permits dismissal when 'there is no legally sufficient evidentiary basis for a reasonable jury to find for' the non-moving party at the close of that party's evidence. We have on numerous occasions spelled out in detail the criteria for the grant of such motions. In *Dace v. ACF Industries, Inc.*, 722 F.2d 374 (8th Cir. 1983), for example, we stated that, in considering a motion for directed verdict or for j.n.o.v., the court must: (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. *Id.* at 375.

***Porous Media Corp. v. Pall Corp.***, 186 F.3d 1077, 1080 (8th Cir. 1999).

The district court later denied motions for a new trial on the invasion of privacy and Iowa search and seizure claims. "In determining whether a verdict is

---

[1]Honorable Leonard T. Strand, United States District Chief Judge for the Northern District of Iowa.

against the weight of the evidence, the trial court can rely on its own reading of the evidence—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (quotation omitted). "[G]reat deference is to be accorded the trial judge's decision in such rulings." *Id.* at 781.

## A.

Plaintiffs argue the district court erred in dismissing their Iowa unreasonable search and seizure claims as a matter of law.

Iowa's constitutional protections from unreasonable searches and seizures may extend beyond the reach of the Federal Constitution. "[T]he Supreme Court's jurisprudence regarding the freedom from unreasonable searches and seizures under the Fourth Amendment—or any other fundamental, civil, or human right for that matter—makes for an admirable floor, but it is certainly not a ceiling." *State v. Baldon*, 829 N.W.2d 785, 791 (Iowa 2013). *See also Schmidt v. State*, 909 N.W.2d 778, 793 (Iowa 2018) (same).

Iowa, however, applies the federal "reasonable articulable suspicion" analysis. "The Iowa Supreme Court usually views the 'Iowa Constitution's search and seizure provisions to track with federal interpretations of the Fourth Amendment.'" *McElree v. City of Cedar Rapids*, 983 F.3d 1009, 1015 n.4 (8th Cir. 2020), *quoting State v. Brown*, 930 N.W.2d 840, 847 (Iowa 2019), *quoting State v. Christopher*, 757 N.W.2d 247, 249 (Iowa 2008). *See also State v. Struve*, No. 19-1614, 2021 WL 646466, at *2 (Iowa Feb. 19, 2021) (explaining Iowa reasonable suspicion analysis tracks federal law). Numerous Iowa cases confirm that the *Terry* doctrine is coextensive between the state and federal constitutions. *See, e.g., State v. Coleman*, 890 N.W.2d 284, 301 (Iowa 2017) (allowing limited investigatory detention until there is "no other basis for reasonable suspicion," but requiring traffic stops to end "after the resolution of the reason for the stop"); *State v. Bergmann*, 633 N.W.2d 328, 333-34 (Iowa 2001) (upholding "immediate vicinity pat downs

where the officer . . . . limited his search to what was minimally necessary to learn whether [the suspect was] armed"); *State v. DeWitt*, 811 N.W.2d 460, 468 (Iowa 2012) (police may "temporarily detain[] an individual when they have reasonable grounds to believe criminal activity is afoot"), *citing Terry v. Ohio*, 392 U.S. 1, 30 (1968); *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004) ("To justify such a stop . . . and briefly detain [a suspect] for investigatory purposes, the police need only have reasonable suspicion, not probable cause, to believe criminal activity has occurred or is occurring."). "[A] stop supported by reasonable suspicion of criminal activity must be minimally intrusive, but physical force used to detain a suspect believed to be a threat to safety is reasonable if the force used is proportional to the threat presented." *Dewitt*, 811 N.W.2d at 470 (Iowa 2012).

Plaintiffs point to a false arrest case to argue that under Iowa law, a stop requires probable cause. *See Children v. Burton*, 331 N.W.2d 673, 679 (Iowa 1983). But "police may stop a moving automobile in the absence of probable cause to investigate a reasonable suspicion that its occupants are involved in criminal activity." *State v. Tyler*, 830 N.W.2d 288, 298 (Iowa 2013). Here defendants' stop was investigatory, unlike the arrest in *Burton*. *See State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002) (distinguishing arrest from investigatory stops). Unlike *Tyler*, the officers could not observe whether Levi or David was driving the truck until after the stop. *See Tyler*, 830 N.W.2d at 298 (explaining that the officer was able to read the supposedly obscured license plate before stopping his suspect, so there "was no longer a need for further investigation" because the "ambiguity was resolved"). Finally, the standard for false arrest is generally the same under Iowa and federal law. *Compare Burton*, 331 N.W.2d at 679 (holding an officer may lawfully make an arrest with probable cause), *with Arnott v. Mataya*, 995 F.2d 121, 124 (8th Cir. 1993) ( "If defendants in fact had probable cause to arrest [plaintiff], then [plaintiff]'s claim for false arrest is barred.").

This court previously reversed, granting summary judgment for the defendants on the corresponding Fourth Amendment claims. *Wilson I*, 901 F.3d at 987. Iowa and federal law do not materially differ here. Thus, under the law of the

case doctrine the district court correctly dismissed as a matter of law. *See **Thompson v. Commissioner***, 821 F.3d 1008, 1011 (8th Cir. 2016).

The plaintiffs argue the district court erred in placing the burden of proof on them, since the burden is on the police under Iowa law to establish their actions were reasonable. Even if plaintiffs were correct, any error would be harmless because the issue was decided as a matter of law irrespective of the standard. *See **Shinseki v. Sanders***, 556 U.S. 396, 407 (2009) ("The federal 'harmless-error' statute, now codified at 28 U.S.C. § 2111, tells courts to review cases for errors of law 'without regard to errors' that do not affect the parties' 'substantial rights.'"). In *Wilson I*, this court ruled that the defendants' acts were reasonable as a matter of law. ***Wilson I***, 901 F.3d at 987. The substantive standard for search and seizure does not vary between Iowa and federal law. Therefore, any error was harmless, since it would not change the result: regardless of who theoretically must show the officers' conduct was reasonable, the defendants *did* show their conduct was reasonable. As this court previously held, the defendants' evidence established their conduct was reasonable as a matter of law. ***Id.***

The district court did not err in granting judgment as a matter of law and denying plaintiffs' motion for a new trial on the state search and seizure claims.

B.

Plaintiffs argue the district court erred in dismissing their Iowa invasion of privacy claim as a matter of law.

Iowa common law recognizes the tort of intrusion upon seclusion. "Iowa has adopted the tort of invasion of privacy, as set forth in the Restatement (Second) of Torts (1977), which provides the right to privacy can be invaded by 'unreasonable intrusion upon the seclusion of another.'" ***Koeppel v. Speirs***, 779 N.W.2d 494 (Iowa Ct. App. 2010), *aff'd*, 808 N.W.2d 177 (Iowa 2011). "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." ***In re Marriage of Tigges***, 758 N.W.2d 824, 829 (Iowa 2008). "[A] claim of such invasion of privacy depends 'not upon a property right in the invaded place but upon whether the area was one in which where was 'a reasonable expectation of freedom from governmental intrusion." ***State v. Osborn***, 200 N.W.2d 798, 805 (Iowa 1972). "It is patently clear an automobile is a 'constitutionally protected area' . . . . The owner harbors 'a reasonable expectation' that his individual privacy is protected against certain kinds of governmental intrusion." ***Id.*** at 805-06. *See also* ***State v. Eis***, 348 N.W.2d 224, 226 (Iowa 1984) ("[V]ehicle occupants have a protected privacy interest in freedom of movement that is invaded when the vehicle is stopped.").

Plaintiffs cannot state a claim for intrusion upon seclusion because the officers' conduct was not a highly offensive intrusion on the private affairs or concerns of plaintiffs. First, in Iowa, observation on a "public highway" or of a person who appears in "public and open" is not an invasion of privacy. ***Davenport v. City of Corning***, 742 N.W.2d 605, *8 (Iowa Ct. App. 2007) (table op.), *quoting* Restatement (Second) of Torts § 652B. Expectation of privacy in a vehicle is similarly diminished. *See* ***State v. Storm***, 898 N.W.2d 140, 145 (Iowa 2017) ("Vehicles remain inherently mobile with reduced expectations of privacy, while rapid roadside warrants are not yet a realistic option."). Second, in Iowa, "an arrest is lawful if the facts available to the officer at the time of arrest provide reasonable ground for believing an indictable offense has occurred and the arrestee committed it." ***Veatch v. City of Waverly***, 858 N.W.2d 1, 9 (Iowa 2015). Investigatory stops are less invasive than arrests, so this rule logically applies here. *See* ***Tague***, 676 N.W.2d at 201-02, 204-05 (articulating lower standard for investigatory stop than arrest under Iowa constitution). Courts following the Restatement approach have held that lawful police activity generally will not support of an invasion of privacy claim. *See* ***Evans v. Detlefsen***, 857 F.2d 330, 338 (6th Cir. 1988) ("If the arrest was lawful in the sense it was supported by probable cause, there can have been no invasion of privacy in effecting it."), *citing* ***Simons v. Montgomery Cty. Police Officers***, 762 F.2d 30, 33 (4th Cir. 1985). The Iowa Supreme Court has given no

indication it would hold otherwise. Since the stop of plaintiffs' vehicle was lawful, and there was no evidence of any accompanying highly offensive conduct by the police, this court affirms the dismissal of the intrusion on seclusion claim.[2]

The district court did not err in granting judgment as a matter of law and denying plaintiffs' motion for a new trial on the invasion of privacy claim.

## II.

Plaintiffs argue the district court improperly instructed the jury on the elements of Fourth Amendment and Iowa Constitution excessive force claims.

This court reviews jury instructions for abuse of discretion. *The Shaw Group, Inc. v. Marcum*, 516 F.3d 1061, 1068 (8th Cir. 2008).[3] Reversal is warranted only if a party's substantial rights are prejudiced. *Burry v. Eustis Plumbing & Heating, Inc.*, 243 F.3d 432, 434 (8th Cir. 2001).

## A.

The district court instructed the jury that they must find three elements to decide for plaintiffs on their excessive force claim: the officers continued to point their guns at the plaintiffs (1) after the officers recognized the driver was Levi, not David; (2) after Levi was patted down; *and* (3) after the defendants realized a child, M.W., was in the truck. *See Wilson I*, 901 F.3d at 990. Plaintiffs argue the district court should have instead provided the Eighth Circuit model jury instruction on

---

[2]To the extent the plaintiffs argue the search and seizure were illegal, this issue is decided in Part I.A above.

[3]Defendants claim plaintiffs did not preserve their objection for appeal, requiring review only for plain error. Even under the more lenient abuse of discretion standard, plaintiffs' argument fails. This court need not decide whether the objection was preserved.

excessive force, because any one of the elements could be excessive force. *But see In re Prempro Prod. Liability Litig.*, 586 F.3d 547, 567 (8th Cir. 2009) ("The district court was not required to precisely follow [the Eighth Circuit's] Model Instruction, but only to fully and properly instruct upon all the elements of the case in light of controlling . . . law." (quotation omitted)).

"Under the law of the case doctrine, the district court [is] bound on remand to obey the Eighth Circuit's mandate and not to re-examine issues already settled by our prior panel opinion." *Thompson*, 821 F.3d at 1011. "[W]hen a case has been decided by an appellate court and remanded for further proceedings, every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined." *Id. Wilson I* explained the extent of plaintiffs' excessive force complaint that survived on remand. *Wilson I*, 901 F.3d at 990. The surviving claim required the jury to find for plaintiffs on all three elements. The jury did not.[4]

## B.

Plaintiffs argue the standard for excessive force under the Iowa constitution differs from federal law, so the district court should have separately instructed the jury.

Plaintiffs are incorrect. "Several guiding principles for reasonableness of force have been established over time. First, the test for reasonableness of police conduct "requires a careful balancing of 'the nature and quality of the intrusion on

---

[4]This is an unusual case where the evidence presented permitted an excessive force verdict only if the jury believed an officer continued to point a gun at Levi *after* the officers realized he was not armed and David was not in the vehicle. Although not generally applicable, the instructions here adequately represented the evidence and applicable law in this case. *See Linden v. CNH Am., LLC*, 673 F.3d 829, 836 (8th Cir. 2012). In most cases, instructions more in line with the Eighth Circuit model jury instructions on excessive force may be appropriate.

the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." **Dewitt**, 811 N.W.2d at 468 (Iowa 2012), *quoting* **Graham v. Connor**, 490 U.S. 386, 396 (1989), *quoting* **Tennessee v. Garner**, 471 U.S. 1, 8 (1985). "If an investigative stop is too long in duration or more invasive than necessary to accomplish the goals of the investigation, the stop will become a de facto arrest." **Id.** at 469, *citing* **United States v. Sharpe**, 470 U.S. 675, 685 (1985). Since the Iowa Supreme Court's standard for excessive force does not materially differ from the federal standard, the district court did not need to separately instruct the jury.

The district court properly interpreted *Wilson I* and properly instructed the jury.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____