No. 95-1248

Metropolitan Express Services,         *
Inc., a Kansas Corporation,            *
                                       *
          Plaintiff/Appellant,         *
                                       *
Sylvia B. Krieger, doing               *
business as Overland Limousine;        *      Appeal from the United States
Furney Charters, Inc., doing           *      District Court for the
business as Travelers Express,         *      Western District of Missouri.
a Kansas Corporation; G & B            *
Enterprises, Inc., doing               *
business as KCI Roadrunner, a          *
Kansas Corporation; A-1 City           *
Cab Shuttle Corporation, a             *
Kansas Corporation,                    *
                                       *
          Plaintiffs,                   *
                                       *
     v.                                *
                                       *
City of Kansas City, Missouri,         *
a Municipal Corporation of             *
Missouri,                              *
                                       *
          Defendant/Appellee.          *

Submitted: September 13, 1995

Filed: November 30, 1995

Before BOWMAN, BRIGHT, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

In this diversity action, Metropolitan Express Services, Inc. (Metropolitan) appeals the district court's[1] refusal to award damages and attorney fees after finding in favor of Metropolitan

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

and voiding the concession agreement between Metropolitan's competitor and Kansas City. We affirm.

## I. Facts and Procedural History

Beginning in 1982, Metropolitan provided scheduled and unscheduled ground transportation services at the Kansas City Airport. The controversy arose when the Kansas City Area Transportation Authority, the provider that subcontracted transportation business to Metropolitan, cancelled its exclusive concession agreement with the airport. Kansas City published notice that it would open bids to qualified bidders for a new scheduled ground transportation concession agreement. The city distributed to potential bidders a bid form that provided, among other things, that the successful bidder(s) would be allowed to sell tickets only from stationary counters. Mobile ticket counters would not be allowed. Because Metropolitan believed that putting a stationary counter in each of the airport's three terminals was prohibitively expensive and that mobile ticket counters were necessary to make a profit, it did not bid.

After receiving only two bids, Kansas City awarded the concession agreement to KCI Shuttle. KCI Shuttle's bid did not contemplate mobile ticket counters; however, once the bid was accepted, KCI Shuttle negotiated with Kansas City to allow the use of mobile ticket counters inside each terminal. The arrangement between Kansas City and KCI Shuttle included an exclusivity agreement that prohibited Metropolitan or anyone else from competing with KCI Shuttle for passengers within the airport terminal buildings. On February 17, 1992, Kansas City banned Metropolitan from entering the airport to continue its services.

Metropolitan and four other plaintiffs filed a complaint seeking a declaratory judgment, injunctive relief, and a temporary restraining order to prevent Kansas City from implementing the new

concession agreement.  Following a two-day evidentiary hearing on all the issues, including damages, the court dismissed the complaint for lack of standing.  On appeal, we reversed, finding that Metropolitan had standing to challenge the contract even though it did not bid.  On remand, the district court voided the concession agreement between KCI Shuttle and Kansas City, finding that the agreement violated the Missouri Constitution and that the bidding procedures were illegal under the Kansas City Administrative Code.  The court ordered Metropolitan to brief the issues of compensatory damages and attorney fees.  Metropolitan requested leave to introduce additional evidence on damages.  The court denied this request and awarded neither damages nor attorney fees.

## II.  Damages

Metropolitan claims as damages lost potential profits caused by the illegal concession agreement between KCI Shuttle and Kansas City.  The district court denied Metropolitan recovery for these damages because Metropolitan failed to offer evidence sufficient to establish a reasonably certain estimate of lost profits.  Metropolitan claims that the district court misapplied Missouri law.  According to Metropolitan, Missouri law requires a plaintiff to offer only the best evidence available to establish lost profits.  They need not be established with reasonable certainty.

Missouri law governs this diversity case.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  We review this question of law de novo.  See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

The Missouri Supreme Court has held that lost profits are generally too remote and speculative to be recoverable.  Coonis v. Rogers, 429 S.W.2d 709, 714 (Mo. 1968)  Under Coonis, to recover

lost profits a plaintiff must establish with reasonable certainty both that the defendant's actions caused the plaintiff to lose profit and the amount of those damages. Id. In Coach House of Ward Parkway, Inc. v. Ward Parkway Shops, Inc., 471 S.W.2d 464, 472-73 (Mo. 1971), the Missouri Supreme Court established an exception to the general rule requiring reasonable certainty to prove both the fact and the amount of damages. Coach House holds that in some cases where the fact of lost profits has been proved with reasonable certainty but the loss is of a character that renders the amount incapable of proof, the plaintiff need offer only the best evidence available to establish the amount. Id. at 471. Metropolitan argues that the district court should have applied this less restrictive Coach House standard, rather than requiring proof of the amount of lost profits with reasonable certainty.

We need not determine whether this case falls within the Coach House exception. At the very least, Metropolitan must prove with reasonable certainty the fact of damages. That is, Metropolitan must prove that it suffered some loss of net profits that it would have realized in the usual course of business absent the defendant's unlawful actions. We conclude that Metropolitan has failed to do so. Moreover, Metropolitan has failed to meet even the less restrictive requirement of the best evidence available.

Although the district court found that Kansas City's bidding procedures were illegal, Metropolitan has not proved that absent the illegal bidding procedures it would have been the successful bidder; thus it has not established with reasonable certainty that it suffered any damages as a result of the illegal procedures.

The district court found that the exclusivity clause of the agreement violated the Missouri Constitution. Because of this clause Metropolitan was banned from meeting customers in the airport. As a result, Metropolitan claims that it lost customers

and was eventually compelled to close down its business.  To establish damages in the form of lost profits caused by this exclusion, Metropolitan must show with reasonable certainty that had it been allowed to continue meeting customers in the airport, it would have realized net profits.

Metropolitan must demonstrate those lost net profits by offering "proof of the income and expenses of the business for a reasonable time anterior to its interruption with a consequent establishing of the net profits during the previous period."  Coonis, 429 S.W.2d at 714.  Put simply, to show that it lost profits, Metropolitan must first show that it was previously earning profits.  Metropolitan has not done so.  The only lost profit evidence Metropolitan offered was the contradictory testimony of its president, Charles Bale.  Bale first testified that Metropolitan netted approximately $60,000 per year.  On cross-examination, however, Bale admitted that in the two years prior to Metropolitan's ban from the airport, the company lost $30,000 and $18,000 respectively.  Although Metropolitan argues that the loss figures are deceptive because they represent the company's overall loss for tax purposes and ignore individual gains within segments of the company, Metropolitan offered no documentary evidence to explain the contradiction.  In light of this contradictory live testimony, and in the absence of any documentary evidence, Metropolitan fell short of meeting even the best evidence available standard.  Accordingly, the district court's denial of damages was appropriate.

Finally, Metropolitan argues that it needs to conduct discovery and introduce new evidence to prove its lost profits during the time period of the trial.  We conclude that the district court did not abuse its discretion in denying this request.  See White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994).  Metropolitan was banned from the airport on February 17, 1992, almost nine months before the trial began.  If Metropolitan lost profits from the

exclusivity agreement, that loss began at the time of the ban. Assuming such a loss occurred, it would have continued throughout the trial so long as Kansas City continued to prohibit Metropolitan from conducting business in the airport. Because Metropolitan did not introduce persuasive evidence to show that a pre-trial loss occurred, however, the question of continued loss is moot. The district court acted well within its discretion in denying Metropolitan's request for additional discovery and leave to introduce new evidence.

### III. Attorney Fees

Metropolitan contends that the district court erred in denying its motion for attorney fees. Metropolitan contends that its success in obtaining relief that benefits others similarly situated entitles it to attorney fees under the "special circumstances" or "common fund" exceptions recognized by the Missouri courts. The district court found that an award of attorney fees was not warranted under either of those exceptions. Having reviewed the district court's analysis of Missouri case law on the subject, we are satisfied that the district court did not err in so ruling.

The judgment is affirmed.

BRIGHT, Circuit Judge, concurring and dissenting.

I concur in the majority's denial of damages to Metropolitan.

I dissent in the refusal to direct the district court to award something in the way of attorney's fees to Metropolitan.

I recognize that under Missouri case law special circumstances must exist to justify any fee shifting. By virtue of this action, Metropolitan has provided the community, the state and the public with the following benefits flowing from the judgment:

1.   invalidating the concession agreement and the manner of its adoption;

2.   benefitting other transportation providers for the airport terminals;

3.   benefitting the public by requiring competitive bidding; and

4.   other tangential benefits to the public and to state and public entities arising from clarification of law relating to public bidding procedures.

Thus the litigation, in part, conferred a common benefit to others, as well as Metropolitan.  Several Missouri cases suggest the appropriateness of an award of attorney's fees to the successful plaintiff in this case.  See Temple Stephens Co. v. Westenhaver, 776 S.W.2d 438, 442 (Mo.App. 1989) (special circumstances existed where contiguous landowner incurred attorney's fees in invalidating ordinance which affected city government and other contiguous property owners and court's opinion clarified notice obligations contained in city ordinances to benefit of present and future property owners in city); Von Seggern v. 310 West 49th St., Inc., 631 S.W.2d 877, 883 (Mo.App. 1982) (attorney's fees particularly appropriate where question litigated was of general application).

I believe the Missouri courts in similar or analogous circumstances would allow attorney's fees.  Thus, I would require Kansas City to pay, at least in part, Metropolitan's legal fees and other related expenses not otherwise taxed as costs of the action.

A true copy.

        Attest:

                CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-