# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1725
_____

Randall J. Thompson; Karen G. Thompson

*Appellant*s

v.

Commissioner of Internal Revenue

*Appellee*

_____

Appeal from the United States Tax Court

_____

Submitted: January 15, 2013
Filed: September 9, 2013

_____

Before RILEY, Chief Judge, WOLLMAN and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Randall and Karen Thompson (the Thompsons) appeal from the United States Tax Court's order dismissing their petition challenging a notice of deficiency issued by the Internal Revenue Service (IRS). We conclude that the Tax Court had jurisdiction over the Thompsons' petition, and thus we reverse.

In 2001, Randall Thompson (Thompson) formed RJT Investments X, LLC (RJT) and began acting as RJT's tax matters partner. Later that year, Thompson,

using RJT, entered into an illegal "Son-of-BOSS" tax shelter transaction in order to offset capital gains of approximately $21.5 million. See RJT Invs. X v. Comm'r, 491 F.3d 732, 734 (8th Cir. 2007) (discussing the details of this transaction). Thereafter, the IRS issued RJT a notice of Final Partnership Administrative Adjustments (FPAA) for 2001, a process which "allows the IRS to make the specified adjustments to partnership filings and impose penalties for misrepresentations that result in the underpayment of taxes by individual partners should relevant parties not challenge the adjustments." Id. at 734-35 (footnote omitted). The IRS sought to declare RJT a sham, zero out RJT's return, and impose penalties for acts resulting in tax underpayment. Id. at 735. RJT and Thompson challenged the FPAA in the Tax Court. "The Tax Court determined, as a partnership item, that [RJT] was a 'sham, lacked economic substance and was formed and/or availed of to artificially overstate the basis of the interest of Randall Thompson . . . in the amount of $22,006,759 for purposes of tax avoidance . . . .'" Id. The Tax Court "then imposed penalties for the resulting underreporting of taxes." Id. Thompson later challenged the Tax Court's ruling, and we affirmed. See id. at 735-38.

Generally, upon the conclusion of proceedings challenging an FPAA or the expiration of time for initiating such proceedings, "the IRS may proceed to make computational adjustments to each partner's return." Desmet v. Comm'r, 581 F.3d 297, 302 (6th Cir. 2009). There are two procedures through which the IRS makes such assessments. "First, the IRS may directly assess the tax against the individual partner by making a computational adjustment—applying the new tax treatment of all partnership items to that partner's return." Id. (citing § 6230(a)(1)).[1] "If the partner disagrees with the application of the FPAA to his own return, he must pay the tax and then challenge the computational adjustment in a refund suit against the government." Id. (citing § 6230(c)). "Second, if the partner's liability relates to 'affected items

_____

[1]All statutory section references are to the Internal Revenue Code, Title 26 of the United States Code.

-2-

which require partner level determinations,' . . . § 6230(a)(2)(A)(i), then the IRS must send a notice of deficiency to that partner, thereby initiating proceedings against him individually, pursuant to the standard deficiency procedures set forth in . . . §§ 6211-16." Id. "Deficiency proceedings allow the partner to dispute liability by filing a petition for redetermination before paying the tax." Id. (citing § 6213(a)).

In this case, on September 22, 2008, the IRS issued a notice of deficiency to the Thompsons for 2001, explaining that it had made four adjustments to their return in accordance with the RJT partnership level proceedings: (1) eliminated dividend income from RJT in the amount of $206; (2) eliminated a flow-through short-term capital loss from RJT in the amount of $12,415; (3) eliminated a flow-through investment expense deduction from RJT in the amount of $81,040; and (4) eliminated the short-term capital loss from the liquidation of Thompson's interest in RJT. The IRS also imposed a 40% penalty on the Thompsons' underpayment of taxes resulting from these adjustments. In total, the IRS determinated that the Thompsons owed a tax deficiency of $4,634,243 and a penalty of $1,853,697.20, plus interest. The next day, the IRS directly assessed these amounts against the Thompsons.

Thereafter, the Thompsons filed a petition in the Tax Court challenging the notice of deficiency. The IRS moved to dismiss for lack of jurisdiction, arguing that it had issued the notice of deficiency in error; that under § 6230(a)(1), the deficiency procedures of the Internal Revenue Code were inapplicable; and that, as a result, the Thompsons were not permitted to challenge the IRS's determination in the Tax Court. The majority of the Tax Court agreed with the IRS and dismissed the petition.[2]

_____

[2]The Tax Court noted two discrepancies involving the IRS's calculations regarding the amount of the short-term capital loss reported by the Thompsons and also $206 in dividends. As to the former, the parties stipulated to corrected amounts, namely, a tax deficiency of $4,248,420 and a penalty of $1,699,368.

-3-

The Thompsons appeal, arguing that the Tax Court erred in determining that it lacked jurisdiction over their petition.[3] The Thompsons argue that the Tax Court did not decide in its 2006 order Thompson's outside basis in RJT, and that Thompson's outside basis must be determined at the partner level. We review *de novo* the Tax Court's determination regarding its jurisdiction. Bartman v. Comm'r, 446 F.3d 785, 787 (8th Cir. 2006). As stated above, for the Tax Court to have jurisdiction over the Thompsons' petition, there must be a "deficiency attributable to affected items which require partner level determinations[.]" § 6230(a)(2)(A)(i).

We agree with the Thompsons that the Tax Court's 2006 order did not determine Thompson's outside basis in RJT. To be sure, the language of the Tax Court's 2006 order suggests at first glance such a determination was made—"that [RJT] was . . . formed and/or availed of to artificially overstate the basis of the interest of Randall Thompson . . . in the amount of $22,006,759 for purposes of tax avoidance[.]'" RJT Invs., 491 F.3d at 735. A careful reading of the order, however, reveals that the Tax Court concluded, as relevant here, (1) that RJT was formed and/or availed of to artificially overstate Thompson's basis in RJT; and (2) that Thompson's purported basis in RJT—$22,006,759—was overstated. It does not necessarily follow, however, that Thompson's entire purported basis was overstated, or in other words, that Thompson's outside basis in RJT was zero.

Because the Tax Court did not determine Thompson's outside basis in RJT, the IRS properly issued a notice of deficiency under § 6230(a)(2)(A)(i). We agree with the other circuits to have addressed the issue that outside basis is an affected item that must be determined at the partner level. See Jade Trading, LLC ex rel. Ervin v. United States, 598 F.3d 1372, 1380 (Fed. Cir. 2010) ("Because outside basis is not a

---

[3]As to the Tax Court's jurisdiction over the penalties, the Thompsons concede "that they cannot here collaterally attack the jurisdiction of the Tax Court" because "[t]he earlier Tax Court Decision in RJT is *res judicata* on the applicability of penalties here." Appellants' Reply Br. 11. Accordingly, this issue is moot.

'partnership item,' we conclude that the Court of Federal Claims lacked jurisdiction to determine that the Ervins had no outside basis in Jade."); Petaluma FX Partners, LLC v. Comm'r, 591 F.3d 649, 655 (D.C. Cir. 2010) ("We hold that the Tax Court had no jurisdiction to determine that Petaluma's partners had no outside basis in the disregarded partnership."). Accordingly, the Tax Court had jurisdiction over the Thompsons' petition challenging the notice of deficiency. See §§ 6213(a), 6230(a)(2)(A)(i).

The order dismissing the petition is reversed, and the case is remanded for further proceedings.

RILEY, Chief Judge, concurring.

I find myself in fundamental agreement with both of my colleagues in this complex case. As emphasized by Judge Wollman (and comprehensively explained in Judge Holmes' dissenting Tax Court opinion), the partnership-level determination that Randall Thompson's outside basis was overstated still requires partner-level computation and legal analysis to determine Thompson's correct tax liability. And the ambiguous partnership-level determination leaves it unclear whether (1) Thompson's basis was overstated by $22,006,759 or (2) his purported basis of $22,006,759 was overstated by an amount to be determined, as it should, at the partner level. Therefore, I fully concur in Judge Wollman's opinion for the court. Yet I also agree with Judge Gruender's alternate basis for reversing the Tax Court's decision, as explained in the fourth paragraph of his concurrence.

GRUENDER, Circuit Judge, concurring in judgment.

I write separately because I conclude that the tax court made a determination in the partnership-level proceeding that Randall Thompson's outside basis in RJT was zero. However, since outside basis is an affected item that should be determined at

the partner level, I agree that the tax court has jurisdiction over appellants' petition challenging the notice of deficiency.

The court concludes that the tax court did not determine Thompson's outside basis in the partnership-level proceeding. The tax court did not so find, the court argues, because the tax court determined only that Thompson's basis was overstated. From this, the court reasons that "[i]t does not necessarily follow . . . that Thompson's entire purported basis was overstated." *Ante* at 4. This line of reasoning does not lead to the court's conclusion. If "[i]t does not necessarily follow . . . that Thompson's entire purported basis was overstated," *id.*, then it likewise does not necessarily follow that Thompson's basis was only partially overstated. As a result, the court's reasoning suggests only that the tax court's language may be ambiguous, a proposition that I reject for the reasons discussed below. Based on this reasoning alone, the court cannot definitively conclude that the tax court did not determine Thompson's outside basis.

I would find that the tax court clearly determined Thompson's outside basis to be zero. Starting with the text of the opinion, the tax court found that RJT "was a sham, lacked economic substance, and was formed and/or availed to overstate artificially the basis of the interest of Randall Thompson in RJT Investments X, LLC in the amount of $22,006,759." *RJT Investments X v. Comm'r*, No. 011769-05, 2006 WL 2504035, at *1 (Apr. 18, 2006). The tax court further found that RJT "is disregarded for Federal income tax purposes." *Id.* As the court notes, Thompson's purported basis in RJT, as reflected on his tax return, is $22,006,759. *Ante* at 4. Thus, if Thompson's purported basis is $22,006,759, and if that basis was "overstate[d] artificially . . . in the amount of $22,006,759," then the tax court necessarily concluded that Thompson's outside basis in RJT was zero. That is, subtracting the amount by which the tax court determined Thompson's basis to be overstated ($22,006,759) from Thompson's purported outside basis ($22,006,759) inescapably leads to the conclusion that the tax court determined Thompson's outside basis was zero.

-6-

Even though I conclude that the tax court's partnership-level decision did determine Thompson's basis, I agree that the tax court has jurisdiction over appellants' petition. Our prior panel opinion in this matter, which affirmed the tax court's partnership-level decision, did not reach the question of whether the tax court had jurisdiction to determine Thompson's outside basis at the partnership level. *See Passmore v. Astrue*, 533 F.3d 658, 660 (8th Cir. 2008) ("[W]hen an issue is not squarely addressed in prior case law, we are not bound by precedent through *stare decisis*."). And I agree with the court and with the D.C. Circuit's decision in *Petaluma*, 591 F.3d at 655, that outside basis is an affected item that should be determined at the partner level. Thus, I agree that the order dismissing appellants' petition should be reversed and that the case should be remanded for further proceedings.[4]

For the foregoing reasons, I concur in the judgment.

_____

---

[4]The preclusive effect in the tax court of its prior adjudication of Thompson's outside basis in a partnership-level proceeding is a question I need not reach here. The Commissioner does briefly reference issue preclusion with respect to the adjudication of Thompson's outside basis, Appellees' brief at 43 n.6, but the Commissioner does not discuss or apply its elements. *See Berger Transfer & Storage v. Central States, S.E. & S.W. Areas Pension Fund*, 85 F.3d 1374, 1377 (8th Cir. 1996) (declining to apply issue preclusion in part because moving party "made no effort" to establish an element thereof); *see also Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (refusing to consider argument on which moving party "provide[d] no analysis of the relevant law or facts").