T.C. Memo. 2014-154

UNITED STATES TAX COURT

RANDALL J. THOMPSON AND KAREN G. THOMPSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 30586-08.                                    Filed July 31, 2014.

This TEFRA case is before the Court on remand. Thompson v.
Commissioner, 729 F.3d 869 (8th Cir. 2013), rev'g and remanding
137 T.C. 220 (2011). In Thompson, this Court held that it lacked
subject matter jurisdiction over Ps' income tax deficiency and a
related accuracy penalty. As to the deficiency, this Court in
Thompson reasoned that the computational adjustments underpinning
it flowed inexorably from this Court's 2006 decision in the
partnership-level proceeding, RJT Invs. X, LLC v. Commissioner,
docket No. 11769-05 (June 6, 2006), aff'd, 491 F.3d 732 (8th Cir.
2007), and did not require any further partner-level determinations.
As to the penalty, our final decision in the partnership-level
proceeding had also resolved its application. That decision had
acquired preclusive effect, and pursuant to I.R.C. secs. 6225(a)(2) and

---

[*]This opinion supplements our previously filed Opinion, Thompson v.
Commissioner, 137 T.C. 220 (2011), rev'd and remanded, 729 F.3d 869 (8th Cir.
2013).

[*2] 6230(a)(1), the penalty could be directly assessed.  Concluding that a partner-level determination was required to calculate the amount of Ps' income tax deficiency, the Court of Appeals for the Eighth Circuit reversed this Court's decision and remanded for further proceedings consistent with its opinion.

Held:  Regardless of whether computing Ps' income tax deficiency arising from the adjustments finalized in the partnership-level proceeding requires a partner-level determination, the Court need not now make any such determination because the parties have stipulated the amount of the deficiency.

Held, further, this Court's conclusion that it lacks jurisdiction to consider the accuracy penalty stands, and pursuant to I.R.C. sec. 6221 and sec. 301.6221-1(c), Proced. & Admin. Regs., Ps must raise any partner-level defenses, if at all, in a refund suit pursuant to I.R.C. sec. 6230(c)(1)(C) and sec. 301.6221-1(d), Proced. & Admin. Regs.

Edward M. Robbins, Jr., for petitioners.

William Lee Blagg and James A. Kutten, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

WHERRY, Judge:  This case is before the Court on remand from the Court of Appeals for the Eighth Circuit.  See Thompson v. Commissioner, 729 F.3d 869 (8th Cir. 2013), rev'g and remanding 137 T.C. 220 (2011).  On February 27, 2014, respondent filed his motion for entry of decision, and on May 15, 2014, petitioners

**[*3]** filed an opposition to motion for entry of decision.  For the reasons set forth below, respondent's motion will be granted.

The case constitutes a partner-level proceeding under the unified partnership audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648 (codified as amended at sections 6221-6234).[1]  In this Supplemental Memorandum Opinion, we respond to the Court of Appeals' mandate and to respondent's motion for entry of decision.  We incorporate our factual findings in Thompson v. Commissioner, 137 T.C. 220.

In our previous Opinion, we held that we lacked jurisdiction to consider petitioners' income tax deficiency and related accuracy penalty.  Id. at 236, 239.  That holding rested on our 2006 decision in the partnership-level proceeding, RJT Invs. X, LLC v. Commissioner, docket No. 11769-05 (June 6, 2006), aff'd, 491 F.3d 732 (8th Cir. 2007), that:  (1) the partnership was a sham and lacked economic substance; (2) the partnership had been "formed and/or availed to overstate artificially the basis of the interest of * * * [Mr. Thompson] in * * * [the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue, 2001.

**[*4]** partnership] in the amount of $22,006,759 for purposes of tax avoidance";
and (3) the 40% gross valuation misstatement penalty under section 6662 would
apply.[2]

We thought that these determinations, in a decision that had become final,
led inexorably to the conclusion that any flowthrough income, loss, or deduction
from the partnership, as well as any loss claimed by Mr. Thompson on liquidation
of his partnership interest, must be disallowed. See Thompson v. Commissioner,
137 T.C. at 231-235. No further, partner-level determination within the meaning
of section 6230(a)(2) and section 301.6231(a)(6)-1(a)(2), Proced. & Admin. Regs.,
was necessary. Id. at 231. Hence, section 6230(a)(1) left this Court without
jurisdiction over the petition. See id. at 236, 239. Respondent's erroneous
issuance of a notice of deficiency to petitioners could not confer jurisdiction
absent the need for a partner-level determination. See id. at 225-226.

---

[2]The Court of Appeals for the Eighth Circuit stated: "The issue before us on appeal is whether the Tax Court properly characterized RJT's 'sham, etc.' status as a 'partnership item' determination." RJT Invs. X, LLC v. Commissioner, 491 F.3d 732, 735 (8th Cir. 2007). The court answered its question as follows: "[T]he Tax Court correctly treated as a partnership item its determination that RJT is a 'sham, etc.'" Id. at 738. In the accompanying note 8, the court noted: "[I]n the present case objective facts suffice to demonstrate the sham nature of a partnership without necessitating an additional individualized inquiry." Id. at 738 n.8.

**[\*5]** The Court of Appeals reached a somewhat different conclusion. It noted petitioners' concession that our 2006 decision as to the penalties' applicability was res judicata. See Thompson v. Commissioner, 729 F.3d at 872 n.3. As to the underlying deficiency, however, the Court of Appeals agreed with other Courts of Appeals that have addressed the issue and held that "outside basis is an affected item that must be determined at the partner level." Id. at 873 (citing Jade Trading, LLC v. United States, 598 F.3d 1372, 1380 (Fed. Cir. 2010), and Petaluma FX Partners, LLC v. Commissioner, 591 F.3d 649, 655 (D.C. Cir. 2010)). It read this Court's 2006 decision in the partnership-level proceeding to say that Mr. Thompson's outside basis was overstated, but not that it was overstated in its entirety--in other words, that he had a zero basis.[3] See Thompson v. Commissioner, 729 F.3d at 872-873. The Court of Appeals reasoned that because Mr. Thompson's exact outside basis remained to be determined, this Court could and should have made that partner-level determination. See id. at 873; cf. id. at 874 (Gruender, J., concurring in the judgment) (opining that "the tax court clearly

---

[3]We had thought that to claim or find any tax basis in a disregarded "sham" partnership was an oxymoron. What petitioners actually had, when the dust cleared, was their cash which they had purported to have invested in the disregarded "sham" partnership and in which they already had a tax basis equal to its face value.

**[\*6]** determined Thompson's outside basis to be zero", but that the Court

nevertheless had jurisdiction over the petition).[4]

_____

[4]After the Court of Appeals issued its opinion, the Supreme Court decided another TEFRA case, United States v. Woods, 571 U.S. ___, 134 S. Ct. 557 (2013). In Woods, the District Court in a partnership-level proceeding found that the subject partnership was a sham, but that the valuation misstatement penalty did not apply. Woods, 571 U.S. at ___, 134 S. Ct. at 562. The Court of Appeals for the Fifth Circuit affirmed. Id. To resolve a circuit split, the Supreme Court granted review as to whether the valuation misstatement penalty applies when a transaction is disregarded as lacking economic substance. Id. Citing the decisions in Jade Trading, LLC v. United States, 598 F.3d 1372, 1380 (Fed. Cir. 2010) and Petaluma FX Partners, LLC v, Commissioner, 591 F.3d 649, 655-656 (D.C. Cir. 2010), aff'g in part, rev'g in part, and remanding 131 T.C. 84 (2008), the Court also sought briefing on the antecedent question of whether a court in a partnership-level proceeding has jurisdiction to consider the valuation misstatement penalty. Id.
     The Supreme Court answered both questions in the affirmative. The Court held that "TEFRA gives courts in partnership-level proceedings jurisdiction to determine the applicability of any penalty that could result from an adjustment to a partnership item, even if imposing the penalty would also require determining affected or non-partnership items such as outside basis." Id. at ___, 134 S. Ct. at 564. Where, in a partnership-level proceeding, a court concludes that a partnership lacks economic substance, that court need not "shut its eyes to the legal impossibility of any partner's possessing an outside basis greater than zero", such that the gross valuation misstatement penalty will provisionally apply. See id. at ___, 134 S. Ct. at 565.
     Woods thus confirms that we properly exercised jurisdiction in applying the valuation misstatement penalty in the partnership-level proceeding here. Before the penalty can be imposed, Woods cautions, "[e]ach partner's outside basis still must be adjusted at the partner level". Id. But once the court handling the partnership-level proceeding has concluded that the partnership is a sham, such that each partner must have a zero outside basis, these partner-level adjustments of outside basis incident to imposition of the penalty should be merely computational. See id. at ___, 134 S. Ct. at 565 & n.2.

(continued...)

**[*7]** The Court of Appeals found that we have jurisdiction to determine Mr. Thompson's outside basis in his partnership interest. We need not make such a determination, however, because the parties have stipulated the deficiency. See Thompson v. Commissioner, 137 T.C. at 223-224. Our task on remand is, therefore, limited to entry of a decision formalizing that agreement.[5]

---

[4](...continued)

As to whether partner-level adjustments of outside basis incident to a deficiency determination should also be merely computational, Woods provides no direct answer. In dicta, however, the Court addresses the amici's suggestion that its decision will permit the Internal Revenue Service to directly assess a penalty on a tax underpayment that cannot itself be assessed without deficiency procedures. See id. Noting that "an underpayment attributable to an affected item [such as outside basis] is exempt" from deficiency procedures where partner-level determinations are unnecessary, the Court observes that "it is not readily apparent why additional partner-level determinations would be required before adjusting outside basis in a sham partnership." Id.

In the sham partnership at issue here, the Court of Appeals concluded that such additional determinations were required, and we proceed in accordance with that mandate.

[5]Though conditional, this stipulation suggests that the Court of Appeals' decision and our resulting exercise of jurisdiction will not alter the ultimate outcome for either party. As our previous Opinion in this case observes, we presume that respondent deems accurate the deficiency calculation in the stipulation. Respondent previously assessed, on September 23, 2008, tax of $4,634,243 and a penalty of $1,853,697.20 plus interest in reliance on our earlier TEFRA decision in the RJT Invs. X case. Presumably, respondent has abated any excess deficiency and/or penalty plus excess interest previously assessed to correct the assessed amounts to the stipulated amounts. In entering into the stipulation, petitioners conceded their liability in the amount that should have been assessed. That they did so contingent on a finding that they could properly contest that

(continued...)

**[\*8]**   Yet, in their opposition to respondent's motion for entry of decision, petitioners raise a new objection.  Distilled, their arguments are:  (1) TEFRA permits the IRS to employ deficiency procedures in assessing penalties relating to partnership items regardless of whether further partner-level determinations are required; (2) the notice of deficiency issued in this case gave this Court jurisdiction over the accuracy penalty determined in the notice; and (3) they are accordingly entitled to adjudication of any partner-level defenses in this prepayment forum.

These arguments do not undermine this aspect of our earlier holding, which the Court of Appeals left undisturbed, see Thompson v. Commissioner, 729 F.3d at 872 n.3, accepting petitioners' concession that the penalty issue was resolved in a final judgment not subject to collateral attack, see Thompson v. Commissioner, 137 T.C. at 238.  Our final decision in the partnership-level proceeding applied the gross valuation misstatement penalty.[6]  Id. at 237-238.  The penalty may be directly assessed as a computational adjustment, notwithstanding any need for

---

[5](...continued)
liability in this forum suggests that they will suffer little, if any, prejudice from their inability to contest the deficiency amount in a refund action.

[6]Woods affirms the propriety of this earlier exercise of jurisdiction and by extension that of our refusal to exercise jurisdiction here.  See supra note 4.

**[\*9]** partner-level determinations.  <u>Id.</u> at 239.  Petitioners may raise partner-level defenses, if any, only in a postpayment refund suit.  <u>See</u> sec. 6230(c)(1)(C); sec. 301.6221-1(c), Proced. & Admin. Regs.

The Court has considered all of petitioners' and respondent's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.