# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1921

_____

James G. Wong; Daniel R. Jenson; Wanda D. Jenson; Terry Lovett, formerly
known as Terry M. Brooks; Bradley Beal; Paula Beal; Alfred Celia; Vicki
Musgrave; Patrick Nasi; Natalie Nasi; David Plocek; Stacy Plocek; Terry Rapiach;
Lesa Rapiach

*Plaintiffs - Appellants*

v.

Wells Fargo Bank N.A., formerly and/or as successor to Norwest Bank Minnesota,
N.A., First Union National Bank and/or First Union Trust Company; Bann-Cor
Mortgage; Master Financial, Inc.; Master Financial Asset Securitization Trust
1997-1; Master Financial Asset Securitization Trust 1998-1; Master Financial
Asset Securitization Trust 1998-2

*Defendants - Appellees*

US Bank NA, ND

*Defendant*

Wilmington Trust Company, in its individual capacity, and as trustee of the
Country Wide Home Loan Trust 2001-HLV1, PSB Lending Home Loan Trust
1997-3 and 1997-4, and Master Financial Asset Securitization Trust 1997-1,
1998-1, and 1998-2

*Defendant - Appellee*

Countrywide Home Loans, Inc.

*Defendant*

Countrywide Home Loan Trust 2001-HLV1

*Defendant - Appellee*

Cityscape Home Loan Owner Trust 1997-2; Cityscape Home Loan Owner Trust 1997-3; Cityscape Home Loan Owner Trust 1997-4

*Defendant*s

PSB Lending Corporation; PSB Lending Home Loan Owner Trust 1997-3; PSB Lending Home Loan Owner Trust 1997-4

*Defendants - Appellees*

Residential Funding Company, LLC

*Defendant*

Amaximis Lending, LP; The Bank of New York Mellon, formerly known as The Bank of New York; Citimortgage, Inc.; Comstar Mortgage Corporation, formerly known as Accubanc Mortgage Corp.; Franklin Credit Management Company

*Defendants - Appellees*

Ocwen Loan Servicing, LLC

*Defendant*

Old Republic Financial Acceptance Corporation; Real Time Resolutions, Inc.

*Defendants - Appellees*

GMAC Mortgage, LLC

*Defendant*

J.P. Morgan Chase Bank, NA, individually and/or formerly or as successor to Bank One, NA and Chase Manhattan Bank; Home Loan Trust 1997-HI3; Amaximis Company, LLC; JPMorgan Chase Bank, N.A. as successor by merger to Banc One Financial Services, Inc.; JPMorgan Chase Bank, as successor by merger to Bank One, N.A.

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: March 10, 2015
Filed: June 18, 2015

————————

Before MURPHY and SHEPHERD, Circuit Judges, and BROOKS,[1] District Judge.

————————

SHEPHERD, Circuit Judge.

This class action was filed by borrowers in Missouri who took out second mortgages on their homes through Bann-Cor Mortgage, Inc. (Bann-Cor), and allege that Bann-Cor and various assignees and purchasers violated the Missouri Second Mortgage Loan Act (MSMLA) by charging or collecting impermissible fees. The district court[2] dismissed the borrowers' complaint, holding that they lacked standing

——————————————

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas, sitting by designation.

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

to pursue their claims against the defendants who did not personally service their loans and that a three-year statute of limitations barred the action against the remaining defendants. The district court also found alternate grounds for dismissal with respect to some defendants, including improper service and failure to state a claim. The borrowers appeal, and we affirm.

I.

The plaintiffs in this action are a class of borrowers who obtained second mortgage loans on their homes through Bann-Cor. After Bann-Cor executed the loan agreements with the borrowers, it sold or assigned the loans and the accompanying mortgage liens to various purchasers and assignees, the defendants in this action. The borrowers allege that the defendants, either directly or indirectly, charged, contracted for, or received fees in the second mortgage loan transactions that were impermissible under the MSMLA.

This action began nearly 15 years ago when the borrowers first filed this suit in Missouri state court against Bann-Cor. The borrowers periodically sought leave to amend the complaint and add additional defendants. After two removals to federal court and two remands back to state court, the state court granted the defendants' motion for summary judgment on the grounds that a three-year statute of limitations barred the borrowers' claims. The borrowers appealed to the Missouri Court of Appeals, which, in Schwartz v. Bann-Cor Mortgage, 197 S.W.3d 168 (Mo. Ct. App. 2006), reversed the trial court and held that a six-year limitations period applied and remanded the case back to the trial court. In 2010, the borrowers filed their sixth amended complaint, which for the first time added Wells Fargo Bank as a party. Wells Fargo removed the case to federal court under the Class Action Fairness Act, and in 2011, the district court denied the borrowers' motion to remand.

In 2012, the district court granted a motion to dismiss filed by Citimortgage and Wells Fargo with respect to loans held by the entity itself and by the entity in its capacity as trustee, finding the borrowers serving as the named plaintiffs did not have standing to assert their claims against these defendants. The district court also granted Old Republic's motion to dismiss based on a six-year statute of limitations and granted PSB Lending's motion to dismiss with respect to one loan based on the statute of limitations. The court denied the remaining motions to dismiss based on the statute of limitations.

Shortly thereafter, the district court informed the remaining parties that it believed the Eighth Circuit decision in Rashaw v. United Consumers Credit Union, 685 F.3d 739 (8th Cir. 2012), cert. denied, 133 S. Ct. 1250 (2013), which held that a three-year statute of limitations applied to MSMLA claims, could significantly impact the case. After reviewing additional briefing from the parties, the district court reconsidered the statute-of-limitations argument and dismissed the majority of the borrowers' claims as barred by a three-year statute of limitations, finding Rashaw to be the most thorough and relevant interpretation of Missouri law. This included all claims against PSB Lending, Real Time, Franklin Credit Managment, Bank of New York Mellon, and the claims of named plaintiffs Wong, Jenson, Lovett, Celia, Musgrave, and Plocek. With respect to defendant Bank One, the court ordered the borrowers to file a motion for leave to file an eighth amended complaint stating why the claims against Bank One were not time barred. The borrowers filed the motion, which the district court denied based on futility before dismissing the complaint as time barred.

In a separate order, the district court granted Wilmington Trust Company's motion to dismiss, finding the borrowers lacked standing to assert their claims, failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), and failed to effect proper service with respect to two trusts for which Wilmington Trust Company served as a trustee. In yet another order, the district court granted JP Morgan Chase's motion

for summary judgment and US Bank's motion to dismiss, both based on the statute of limitations. Finally, the district court granted a motion to dismiss by Residential Funding and GMAC Mortgage upon conclusion of their bankruptcy proceedings and in accordance with their reorganization plans. The district court also dismissed the complaint against all remaining non-participatory defendants, including Bann-Cor. The borrowers appeal.

## II.

"Federal courts must address questions of standing before addressing the merits of a case where standing is called into question." Brown v. Medtronic, Inc., 628 F.3d 451, 455 (8th Cir. 2010). As such, we first address whether the district court erred in holding that the named borrowers did not have standing to pursue their claims against defendants Citimortgage, Wilmington Trust Company, and Wells Fargo, with respect to loans held by the entity itself and by the entity in its capacity as trustee, and in dismissing the complaint against these defendants. We review a district court's dismissal of a complaint for lack of standing de novo. Tarsney v. O'Keefe, 225 F.3d 929, 934 (8th Cir. 2000). Article III limits the jurisdiction of federal courts to only cases and controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). A case or controversy requires a plaintiff to have standing. Id. Standing requires a plaintiff: (1) to have suffered a concrete injury in fact, (2) to prove a causal connection between the injury and the defendant's allegedly unlawful conduct, and (3) to show the injury is capable of redressability through a favorable ruling from the courts. Id. at 560-61.

We agree with the district court that the requisite causal connection between the alleged charging or collecting of improper fees and the defendants who never personally serviced or were assigned the named borrowers' loans is lacking because these defendants never collected any impermissible fees from the named borrowers. Nevertheless, the borrowers put forth several theories that they argue allow them to

evade the traditional Article III standing requirements. First, the borrowers argue that the class certification order has the effect of conferring standing upon the named borrowers. This is plainly incorrect. A class certification order does not confer standing on a plaintiff who otherwise lacks it. See Lewis v. Casey, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (alteration in original) (internal quotation marks omitted)); Warth v. Seldin, 422 U.S. 490, 502 (1975) ("Unless these petitioners can thus demonstrate the requisite case or controversy between themselves personally and respondents, none may seek relief on behalf of himself or any other member of the class." (internal quotation marks omitted)).

Second, the borrowers assert that the so-called "juridical link" doctrine provides them with standing to pursue their claims. This doctrine allows a named plaintiff to bring a class action against parties that did not cause the named plaintiff's injury if the plaintiffs suffered identical injuries by parties related through a conspiracy or concerted scheme and suing all parties in one action would be expeditious. La Mar v. H&B Novelty & Loan Co., 489 F.2d 461, 466 (9th Cir. 1973) (recognizing the "juridical link" doctrine). The borrowers argue that, under this doctrine, once a court certifies a class action, standing requirements must be assessed with reference to the class as a whole, and not with reference to the individual named plaintiffs. See Payton v. Cnty. of Kane, 308 F.3d 673, 680 (7th Cir. 2002). The juridical link doctrine does not confer standing on the named borrowers. Although our court has not previously addressed this doctrine, we agree with other circuits that, under similar circumstances, have found it inapplicable. See Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 65-66 (2d Cir. 2012) (finding no juridical link to confer standing on named plaintiff alleging title insurance company that plaintiff did not purchase insurance from illegally overcharged in refinancing deals and rejecting

argument that Article III permits suits against defendants who did not cause injury so long as one of the defendants in the action harmed the plaintiff); Easter v. Am. W. Fin., 381 F.3d 948, 962 (9th Cir. 2004) (finding no juridical link to confer standing on named plaintiffs suing assignees of second mortgages who never held named plaintiffs' loans for charging usurious interest rates when there was no evidence of a conspiracy or a concerted scheme).

Finally, the borrowers assert that the Home Ownership Equity Protection Act (HOEPA), which purportedly applies to these "high cost" mortgages, confers standing. But the courts that have considered the issue have uniformly held that nothing in HOEPA purports to confer standing that is otherwise lacking. See, e.g., Faircloth v. Fin. Asset Sec. Corp. Mego Mortg. Homeowner Loan Trust, 87 F. App'x 314, 317 (4th Cir. 2004) (unpublished per curiam) ("HOEPA does not speak to the question of standing at all."); Easter, 381 F.3d at 962 ("Nothing in the language of HOEPA purports to confer standing on a plaintiff to sue a defendant against whom that plaintiff cannot otherwise assert a cause of action."). Because the named borrowers lack standing against the defendants who were not assigned and did not personally service the named borrowers' loans, we affirm the district court's dismissal of the complaint against Citimortgage, Wilmington Trust Company, and Wells Fargo.

III.

We next consider whether the district court erred in determining that a three-year statute of limitations governed the borrowers' claims and in dismissing the borrowers' complaint as time barred. Whether the MSMLA imposes a three- or six-year statute of limitations is a question of state law we review de novo. See Metro. Express Servs., Inc. v. City of Kan. City, Mo., 71 F.3d 273, 274 (8th Cir. 1995). In reviewing a district court's dismissal for failure to state a claim de novo, we accept all factual allegations in the complaint as true. Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011). A court may dismiss a complaint under Federal Rule of Civil

-8-

Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred.  Id.

The borrowers argue that a six-year statute of limitations applies to their claims, in accordance with Schwartz, where the Missouri Court of Appeals held that Missouri's six-year statute of limitations applies to MSMLA claims.  197 S.W. 3d at 178.  The borrowers assert that, as a decision from the Missouri Court of Appeals and in the absence of a Missouri Supreme Court decision, Schwartz is the best pronouncement of Missouri law and its holding should be applied to this case.  It is a well-recognized rule that federal courts may not reject a state court of appeals decision solely because a state's highest court has not decided the matter.  See West v. Am. Tel. & Tel. Co., 311 U.S. 223, 236-37 (1940) ("[A] federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court, even though it thinks the rule is unsound in principle or that another is preferable.").  But this rule is not absolute: "Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."  Id. at 237.

In Rashaw, our court determined that a three-year statute of limitations governs MSMLA claims.  685 F.3d at 744.  After conducting a thorough analysis of both Missouri case law and legislative history, the court concluded "Schwartz ignored both relevant legislative history and what should have been controlling (though dated) Supreme Court precedents."  Id.  Although we think this language sufficiently indicates that our court was "convinced by other persuasive data" that the Missouri Supreme Court would reach a decision contrary to that of the Missouri Court of Appeals, if there ever were any confusion about Rashaw's holding, our court twice revisited it.  See Washington v. Countrywide Home Loans, Inc., 747 F.3d 955, 958 (8th Cir.) ("Since Schwartz ignored controlling precedent by the Supreme Court of

Missouri as well as pertinent statutory history, <u>Schwartz</u> is not the best evidence of Missouri law."), <u>cert. denied</u>, 135 S. Ct. 307 (2014); <u>see also</u> <u>Huffman v. Credit Union of Tex.</u>, 758 F.3d 963, 966 (8th Cir. 2014) ("These same attorneys recently made the same argument to another panel of this court in <u>Washington v. Countrywide Home Loans, Inc.</u>  After the Supreme Court of Missouri declined to take up the panel's certified question whether <u>Schwartz</u> or <u>Rashaw</u> properly reflects Missouri law, the panel held that <u>Rashaw</u> is controlling Eighth Circuit law.  Like the panel in <u>Washington</u>, we are bound by our decision in <u>Rashaw</u> that the six-year statute of limitations [] does not apply . . . ." (citations omitted)).

Undeterred in the face of this precedent, the borrowers continue to assert that we must apply a six-year statute of limitations.  We take the opportunity now to clearly state once and for all: We view <u>Rashaw</u> as a rejection of <u>Schwartz</u> on the grounds that "other persuasive data," namely legislative history and Missouri case law, convinced the <u>Rashaw</u> panel that the Missouri Supreme Court would not reach the same outcome the Missouri Court of Appeals reached.  The Missouri Court of Appeals decision is thus not the best evidence of Missouri law, and we are bound by this previous decision of our court.  <u>See</u> <u>United States v. Lovelace</u>, 565 F.3d 1080, 1085 (8th Cir. 2009) ("This panel is bound by Eighth Circuit precedent, and cannot overrule an earlier decision by another panel." (internal quotation marks omitted)).  A three-year statute of limitations applies to MSMLA claims.

The borrowers further assert that, even if a three-year statute of limitations generally applies to MSMLA claims, <u>Schwartz</u>'s six-year statute of limitations should apply to their claims as the "law of the case."  Under the law-of-the-case doctrine, "'a court should not reopen issues decided in earlier stages of the same litigation.'"  <u>In re Raynor</u>, 617 F.3d 1065, 1068 (8th Cir. 2010) (quoting <u>Agostini v. Felton</u>, 521 U.S. 203, 236 (1997)).  This policy of deference "prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and

promote judicial economy." Id. (internal quotation marks omitted). Although the law-of-the-case doctrine binds a court to previous decisions in a particular action, it is not without its limits: "[T]he doctrine does not apply if the court is convinced that [its prior decision] is clearly erroneous and would work a manifest injustice." Pepper v. United States, 131 S. Ct. 1229, 1250-51 (2011) (second alteration in original) (internal quotation marks omitted).

The district court at one point found that Schwartz applied as the law of the case. R. Doc. 395, at 13 n. 11 ("Various defendants argue that a three-year statute of limitations ought to apply; however, that argument is foreclosed by the Missouri Court of Appeals decision in Schwartz v. Bann-Cor Mortg., []which is the law of the case."). But the district court made this statement in an order filed a week before we published Rashaw, which changed the legal landscape by concluding Schwartz had been erroneously decided. And applying Schwartz as law of the case would "work a manifest injustice" by subjecting defendants to double the limitations period and thus substantially affecting the defenses upon which the defendants could rely. We therefore conclude that Schwartz does not apply as the law of the case because it was erroneously decided and its application would "work a manifest injustice." Accordingly, we need not consider the defendants' remaining arguments that Schwartz does not apply as law of the case because it was an interlocutory order and that it cannot bind those defendants who were not parties to the suit when the Missouri Court of Appeals rendered its decision.

Having determined a three-year statute of limitations governs the borrowers' claims, we now consider whether the district court erred in dismissing the borrowers' complaint as time barred. The borrowers first argue that their causes of action did not accrue at the time of loan origination, but rather accrued when the assignees acquired or began collecting on the loans. Under Missouri law, a cause of action accrues "[w]hen the *fact of damage* becomes capable of ascertainment . . . even if the actual amount of damage is unascertainable." Bonney v. Envtl. Eng'g, Inc., 224 S.W.3d

-11-

109, 116 (Mo. Ct. App. 2007) (alterations in original) (internal quotation marks omitted). "Damage is capable of ascertainment when it can be discovered or is made known, even if its extent remains unknown." D'Arcy & Assocs., Inc. v. K.P.M.G. Peat Marwick, L.L.P., 129 S.W.3d 25, 29 (Mo. Ct. App. 2004). The borrowers' causes of action accrued with the origination of their loans. The "fact of damage" would have been "capable of ascertainment" when the loans closed because the borrowers allege that the impermissible fees were wrapped into the principal amount of the loan. This would have been capable of discovery by examining the principal amount of the loan. The three-year statute of limitations thus began to run when the loans closed, with the latest of the challenged loans closing in 2000. As none of the participating defendants was added to this action before 2006, all of the borrowers' claims fall outside of the limitations period.

The borrowers present two final arguments as to why their claims may proceed, despite asserting them outside of the limitations period. Neither is persuasive. The borrowers assert that their claims against the defendants relate back to the original petition against Bann-Cor, which they filed within the limitations period. Under Missouri Supreme Court Rule 55.33(c), for an amended pleading to relate back to an original petition, the amended pleading must meet three requirements: (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence described in the original pleading, (2) the party to be added by amendment received notice of the commencement of the action so as not to be prejudiced in maintaining a defense, and (3) the party to be added by amendment knew or should have known that, absent a mistake regarding the proper party, the action would have been instigated against him. Mo. Sup. Ct. R. 55.33(c); see also Bates v. Law Firm of Dysart, Taylor, Penner, Lay & Lewandowski, 844 S.W.2d 1, 3 (Mo. Ct. App. 1992) (providing requirements for relation back under Rule 55.33(c)). The borrowers have failed to satisfy both the second and third requirements of Rule 55.33(c). With respect to the second requirement, nothing in the record indicates that the borrowers notified the defendants of the action before the statute of limitations expired.

See Webcon Grp., Inc. v. S.M. Props., L.P., 1 S.W.3d 538, 543 (Mo. Ct. App. 1999) (holding that an amended pleading did not relate back to original petition when the record provided no evidence that the added defendant received notice of the original action). With respect to the third requirement, nothing in the record indicates that the defendants knew or should have known that, but for a mistake in identity, the borrowers would bring an action against them. See Windscheffel v. Benoit, 646 S.W.2d 354, 357 (Mo. 1983) (en banc) (explaining that a pleading only relates back if the plaintiff "made a mistake in selecting the proper party to sue, *i.e.*, plaintiff must have brought an action against the wrong party"); Goodkin v. 8182 Md. Assocs. Ltd. Partnership, 80 S.W.3d 484, 489 (Mo. Ct. App. 2002) ("Rule [55.33(c)] does not apply if the plaintiff wants to add a party to the suit. A mistake in failing to add a party defendant does not trigger relation-back." (citations omitted)). An evolving strategy, rather than a mistake in identity, caused the borrowers to add additional defendants. Both flaws are fatal to the borrowers' argument that the claims relate back to the original petition.

The borrowers also assert that HOEPA allows them to evade the time bar because it allows derivative liability for subsequent assignees or purchasers of mortgages and the suit against Bann-Cor preserved the claims against derivatively liable parties. HOEPA imposes derivative liability on assignees of mortgages, providing that an assignee may be liable for the same offenses as the original lender. 15 U.S.C. § 1641(d). But this imposition of derivative liability has no bearing on the applicable statute of limitations, and Missouri case law acknowledges as much: "Borrowers can assert derivative claims against the current holders of the loans, unless such claims are barred by a statute of limitations." Schwartz, 197 S.W.3d at 179. This derivative liability does not allow a plaintiff to avoid an applicable statute of limitations, and we reject the borrowers' argument to this effect. Because we conclude that the borrowers' action is time barred, we need not consider the defendants' argument that the borrowers failed to properly substitute the named defendants for the Doe Defendants and thus cannot pursue their claims. We therefore

-13-

affirm the district court's determination that a three-year statute of limitations applies to the borrowers' MSMLA claims and the dismissal of the complaint as time barred.

## IV.

Because we conclude that the district court correctly dismissed the complaint against Wilmington Trust Company for a lack of standing, we need not consider the district court's alternate grounds for dismissing the borrowers' complaint against this defendant: that they failed to properly serve Wilmington Trust Company. We also need not address several other arguments defendants raise for affirming on an alternate basis.

## V.

For the foregoing reasons, we affirm the judgment of the district court.

_____