# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2329

_____

Randall J. Thompson, &; Karen G. Thompson

*Appellant*s

v.

Commissioner of Internal Revenue

*Appellee*

_____

Appeal from the United States Tax Court

_____

Submitted: January 12, 2016
Filed: May 3, 2016

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Randall and Karen Thompson appeal from an order of the United States Tax Court[1] that dismissed for lack of jurisdiction their petition challenging the Internal Revenue Service's (IRS) assessment of a penalty with respect to their 2001 joint tax return. We affirm.

_____

[1]The Honorable Robert A. Wherry, United States Tax Court Judge.

This is the third appeal brought to challenge adjustments made by the IRS to 2001 tax returns filed by the Thompsons and a related partnership. See RJT Invs. X v. Comm'r, 491 F.3d 732 (8th Cir. 2007) (partnership-level proceeding); Thompson v. Comm'r, 729 F.3d 869 (8th Cir. 2013) (partner-level proceeding). We relate only those general facts necessary to resolution of the jurisdictional issue presented here.

In 2001, Randall Thompson (Thompson) formed a partnership, RJT Investments X, LLC (RJT), which he then used in an illegal tax-shelter transaction to offset capital gains of approximately $21.5 million that otherwise would have been taxable on his 2001 joint tax return. The IRS conducted an audit of RJT's 2001 partnership tax return and determined that RJT was a sham, that it lacked economic substance, and that it was formed so that Thompson could use the overstated basis he claimed in his RJT partnership interest to offset the $21 million in capital gains. RJT Invs. X, 491 F.3d at 735; Thompson, 729 F.3d at 871. The IRS disallowed all deductions and losses reported by RJT on its 2001 partnership return. It also determined that a 40-percent accuracy-related penalty for gross misstatement of partnership basis would be applied to any underpayment of tax by RJT partners resulting from the adjustments made to the RJT partnership return. RJT and Thompson challenged these adjustments in a partnership-level proceeding before the Tax Court, but the adjustments, including imposition of the penalty, were affirmed by the Tax Court and by this court on appeal. RJT Invs. X, 491 F.3d at 738.

After the RJT partnership-level proceeding became final, the IRS initiated a partner-level proceeding to determine the resulting effects of the partnership adjustments on the Thompsons' 2001 joint tax return. Because the IRS had previously determined that RJT was a sham and must be disregarded for tax purposes, it further determined that Thompson's basis in his RJT partnership interest was zero and that he could not use his basis in that interest to offset the $21 million capital gain reported on his 2001 joint tax return. In addition to the tax assessed on this capital gain, the

IRS imposed the 40-percent accuracy-related penalty it had previously determined was applicable in the RJT partnership-level proceeding.

The Thompsons filed a petition in the Tax Court to challenge both the tax deficiency and the penalty. The IRS moved to dismiss the petition for lack of jurisdiction, arguing that the Thompsons were not entitled to a prepayment hearing before the Tax Court but were instead required to pay both the tax deficiency and the penalty in full before they could challenge the adjustments in a tax-refund proceeding.

The Tax Court granted the IRS's motion to dismiss the petition for lack of jurisdiction. The Thompsons appealed to this court, and we reversed as to the Tax Court's jurisdiction over the tax deficiency. We observed that, although RJT was a sham partnership, it did "not necessarily follow . . . that Thompson's entire purported basis" in RJT was overstated. Thompson, 729 F.3d at 873. Because the determination of Thompson's basis in his RJT partnership interest "must be determined at the partner level," we concluded that the Tax Court had jurisdiction in a partner-level proceeding to determine Thompson's basis and to consider his challenge to any tax deficiency resulting from that determination. Id.

With respect to the Tax Court's jurisdiction over the penalty issue, however, we affirmed the Tax Court's dismissal for lack of jurisdiction based on an express abandonment of the issue by the Thompsons. In their brief, the Thompsons stated:

> [T]he taxpayers are too late with this argument. The taxpayers agree that they cannot here collaterally attack the jurisdiction of the Tax Court over penalties in this case [*i.e.*, the partner-level proceeding to adjust the tax and penalty applicable to the Thompsons' 2001 joint tax return]. The earlier Tax Court Decision in [the] RJT [partnership-level proceeding] is *res judicata* on the applicability of penalties here. . . . The decision of the Tax Court dismissing this [partner-level proceeding] for lack of jurisdiction should be reversed as to jurisdiction over the deficiency determination.

-3-

J.A. 212. In addition to this direct concession, the Thompsons' request for relief on appeal was limited to a "revers[al] as to jurisdiction over the [tax-]deficiency determination." Id.

Relying on this express abandonment of any challenge to the penalty, we concluded that the question of the Tax Court's jurisdiction over the penalty issue was moot:

> As to the Tax Court's jurisdiction over the penalties, the Thompsons concede "that they cannot here collaterally attack the jurisdiction of the Tax Court" because "[t]he earlier Tax Court Decision in [the] RJT [partnership-level proceeding] is *res judicata* on the applicability of penalties here." Accordingly, this issue is moot.

Thompson, 729 F.3d at 872 n.3 (citation omitted). We then remanded the case to the Tax Court for proceedings consistent with our opinion.

On remand, the parties stipulated to the amount of the tax deficiency, but the Thompsons again attempted to argue that the Tax Court had jurisdiction over the penalty issue. The IRS moved for entry of a decision limited to the stipulated tax deficiency, asserting that the Thompsons had abandoned any challenge to the Tax Court's jurisdiction over the penalty issue and that revisiting that issue would exceed the scope of this court's mandate on remand.

The Tax Court agreed with the IRS, concluding that its decision in the RJT partnership-level proceeding had resolved the penalty issue—a decision that had become final and had acquired preclusive effect. The Tax Court specifically noted that the Thompsons had conceded in their appeal to this court that the penalty issue had been resolved by the final judgment in the RJT partnership-level proceeding and was not subject to collateral attack in the partner-level proceeding. The Tax Court concluded that the penalty could be "directly assessed" against the Thompsons under

-4-

I.R.C. §§ 6225(a)(2) and 6230(a)(1) and that they could raise any defenses they might have against assessment of the penalty only in a "postpayment refund suit" under I.R.C. § 6230(c)(1)(C). Thompson v. Comm'r, 108 T.C.M. 104, at *3 (2014). The Tax Court accordingly granted the IRS's motion to dismiss the penalty dispute for lack of jurisdiction, a determination that we review *de novo*. See Thompson, 729 F.3d at 872.

The IRS contends that the Thompsons are prohibited from challenging the Tax Court's jurisdiction over the penalty issue under the law-of-the-case doctrine, which "prevents relitigation of a settled issue in a case and requires that courts follow decisions made in earlier proceedings to insure uniformity of decisions, protect the expectations of the parties[,] and promote judicial economy." Klein v. Arkoma Prod. Co., 73 F.3d 779, 784 (8th Cir.1996). Thus, when a case has been decided by an appellate court and remanded for further proceedings, every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined, and the court on remand is bound by the decree and must carry it into execution according to the mandate. See id. at 784-85; see also Lamb Eng'g & Constr. Co. v. Ne. Pub. Power Dist., 145 F.3d 996, 998 (8th Cir.1998) ("Under the law of the case doctrine, the district court was bound on remand to obey the Eighth Circuit's mandate and not to re-examine issues already settled by our prior panel opinion."). "[T]he doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Gander Mountain Co. v. Cabela's, Inc., 540 F.3d 827, 830 (8th Cir. 2008) (citation omitted). Although a court should not reopen issues already decided, if a prior decision "is clearly erroneous and would work a manifest injustice," reopening may be appropriate. Wong v. Wells Fargo Bank, N.A., 789 F.3d 889, 898 (8th Cir.) (citation omitted), cert. denied, 136 S. Ct. 507 (2015).

As noted above, the Thompsons expressly withdrew their challenge to the Tax Court's jurisdiction over the IRS's penalty determination in an earlier stage of this

partner-level litigation. The penalty issue thus became moot, <u>Thompson</u>, 729 F.3d at 872 n.3, and the Tax Court's initial holding that it lacked jurisdiction over the penalty became the law of the case. The Tax Court properly declined to revisit the issue on remand. <u>See</u> <u>In re Raynor</u>, 617 F.3d 1065, 1068 (8th Cir. 2010) ("We have held that when an appellate court remands a case . . . all issues decided by the appellate court become the law of the case." (alterations and citations omitted)). And given the fact that the Thompsons expressly disclaimed this argument in their earlier appeal, no manifest injustice would occur by holding them to that concession. <u>See</u> <u>Wong</u>, 789 F.3d at 898.

Nevertheless, the Thompsons now contend that they did not concede the "individual" penalty issue in their earlier appeal. They argue that they conceded only that the Tax Court's penalty determination against RJT in the partnership-level proceeding was *res judicata* such that they could not make a collateral attack on that partnership determination in this partner-level proceeding. We disagree with this characterization of the Thompsons' earlier concession, for the Thompsons in their first appeal in this partner-level proceeding expressly and unconditionally conceded the penalty issue as it affected their 2001 joint tax return. <u>See</u> J.A. 212. In sum, we reject the Thompsons' attempt to revisit their argument regarding the Tax Court's jurisdiction over the penalty assessed on their 2001 joint tax return. The Tax Court did not err by dismissing the penalty issue for lack of jurisdiction.

The judgment is affirmed.

_____